Jonathan R. Doolittle (SBN 290638)
Email: jdoolittle@reedsmith.com
Timothy L. Moore (SBN 305168)
Email: tmoore@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269
Attorneys for Plaintiff, AURIONPRO
SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AURIONPRO SOLUTIONS, INC., | Case No.:  3:17-CV-01951 EMC |
| Plaintiff, | **PLAINTIFF AURIONPRO SOLUTIONS, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS** |
| vs. | |
| SAICON CONSULTANTS, INC., | Date:           January 25, 2018 |
| Defendants. | Time:           1:30 p.m. |
| | Location:     Courtroom 5, 17th Floor |
| | Compl. Filed:  April 7, 2017 |
| | Honorable Edward M. Chen |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, on January 25, 2018 at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 5 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Aurionpro Solutions, Inc. ("Aurionpro"), will and hereby does move the Court for an entry of judgment on the pleadings regarding the Promissory Note executed by Defendant Saicon Consultants, Inc.

This Motion is made pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on the grounds that on the face of the pleadings there are no material issues of fact to be resolved and that Aurionpro is entitled to judgment as a matter of law.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, contemporaneously filed Request for Judicial Notice, any reply memorandum that Aurionpro may file, the files and pleadings in this action , and any other matter the Court may consider prior to or at the hearing on the Motion.

DATED:  December 21, 2017                    REED SMITH LLP


                                             By: /s/ Timothy L. Moore _____
                                                 Jonathan R. Doolittle
                                                 Timothy L. Moore
                                                 *Attorneys for Plaintiff,*
                                                 *Aurionpro Solutions, Inc.*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TABLE OF CONTENTS**

Page

I.  BACKGROUND ........................................................................................ 3

    A.  In April 2016, Saicon Executed An Asset Purchase Agreement
        ("APA") and Promissory Note In Aurionpro's Favor, Agreeing To
        Begin Making Payments Under The Note On April 1, 2017. ............... 3

    B.  In March 2017, Saicon Sued Aurionpro To Avoid An Additional
        $2.5 Million Obligation Under the APA And The Promissory Note,
        But It Did Not Seek Rescission Of Those Agreements. ....................... 5

II. ARGUMENT ............................................................................................ 7

    A.  Judgment On The Pleadings Is Appropriate Because Saicon Admits
        All Necessary Material Facts Supporting Judgment In Aurionpro's
        Favor, And Aurionpro Is Entitled To Judgment As A Matter Of
        Black-Letter California Law. ................................................................ 7

    B.  Saicon Cannot Seek To Enforce Its Contractual Rights In State
        Court And Then Avoid Paying The Note By Claiming "Fraud" In
        Federal Court. ...................................................................................... 8

    C.  Saicon's Remaining Affirmative Defenses Also Cannot Excuse
        Payment of the Note. ........................................................................... 11

    D.  The Equitable Relief Sought By Saicon In The State Court Action
        Cannot Impede Judgment In Aurionpro's Favor Here. ....................... 12

III. CONCLUSION ........................................................................................ 13

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Advanced Micro Devices, Inc. v. Altera Corp.*,
5
   1996 WL 119482 (N.D. Cal. Mar. 11, 1996) ...................................................................7

6

*Akin v. Certain Underwriters At Lloyd's London*,
7
   140 Cal. App. 4th 291 (2006) ..............................................................................8, 10

8

*Broadcast Music, Inc. v. Davis*,
   2012 WL 13008124  (C.D. Cal. Mar. 3, 2012) ..........................................................9, 10

9

*Chang v. Wells Fargo and Co.*,
10
   2010 WL 582157 (N.D. Cal. Feb. 11, 2010) ...............................................................7

11

*Crosby v. Wells Fargo Bank*, *N.A.*,
   42 F. Supp. 3d 1343 (C.D. Cal. 2014) ........................................................................8

12

*Denevi v. LGCC*,
13
   121 Cal. App. 4th 1211 (Ct. App. 2004) .................................................................2, 10

14

*HotChalk, Inc. v. Scottdale Ins. Co.*,
15
   217 F.Supp.3d 1058 (N.D. Cal. 2016) ........................................................................8

16

*Jess v. Herrmann*,
   26 Cal. 3d 131 (1979) ...........................................................................................11

17

*People ex rel. Kennedy v. Beaumont Inv., Ltd.*,
18
   111 Cal. App. 4th 102 (Ct. App. 2003) .................................................................6, 12

19

*Kraif v. Guez*,
20
   2013 WL 12133882 (C.D. Cal. Aug. 30, 2013) ............................................................10

21

*Lazar v. Superior Court*,
   12 Cal.4th 631 (1996) ..............................................................................................5

22

*Living on the Edge, LLC v. Lee*,
23
   2015 WL 12661917 (C.D. Cal. Aug. 25, 2015) .............................................................8

24

*MGIC Indem. Corp. v. Weisman*,
   803 F.2d 500 (9th Cir. 1986) ....................................................................................8

25

*Montgomery v. McLaury*,
26
   143 Cal. 83 (1904) ............................................................................................2, 10

27

*NRG Energy, Inc. v. Fuchs*,
28
   2011 WL 1625169 (S.D. Cal. April 28, 2011) ...............................................................9

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

*Sharabianlou v. Karp*,
    181 Cal. App. 4th 1133 (Ct. App. 2010)*, as modified on denial of reh'g* (Mar. 3,
    2010) .............................................................................................................................9, 10

*In re Tobacco Cases II*,
    240 Cal. App. 4th 779 (Ct. App. 2015)......................................................................13

*VenVest Ballard, Inc. v. Clockwork, Inc.*,
    2014 WL 12589647 (C.D. Cal. Oct. 6, 2014) ...............................................................9

*In re Vioxx Class Cases*,
    180 Cal. App. 4th 116 (Ct. App. 2009)......................................................................13

*Wong v. Stoler*,
    237 Cal. App. 4th 1375 (Ct. App. 2015), *as modified on denial of reh'g* (June 23,
    2015), *review denied* (Aug. 26, 2015) .......................................................................10

*XL Specialty Ins. Co. v. Perry*,
    2012 WL 6800780 (C.D. Cal. Jan. 26, 2012) .............................................................7

**Statutes**

Cal. Bus. & Prof. Code § 17200 .............................................................................................5, 12

Cal. Civ. Code § 1689(b) .........................................................................................................2, 10

**Other Authorities**

Fed. R. Civ. P. 12(c) ...................................................................................................................7, 8

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   This lawsuit is about the Defendant, Saicon Consultants, Inc.'s ("Defendant" or "Saicon"),

2   failure to pay a $1.5 million Promissory Note that became due in full on April 2, 2017 ("Note").  The

3   Note was given by Saicon to Plaintiff, Aurionpro Solutions, Inc. ("Plaintiff" or "Aurionpro"), as part

4   of the purchase price paid by Defendant when it bought a roughly $18 million annual revenue

5   business from Plaintiff a year earlier.  Saicon now claims it was duped into signing the Note as part

6   of that larger deal to buy IT staffing contracts from Aurionpro—even though Saicon *first* sued

7   Aurionpro to enforce Saicon's rights under that same deal in the Superior Court of Contra Costa

8   County on or about March 20, 2017.  *See generally* Exh. A (Saicon's Complaint in *Saicon*

9   *Consultants, Inc. v. Aurionpro Solutions, Inc.*, Case No. MSC17-005511 in the Superior Court of

10  Contra Costa County ("State Court Action")).   Because Saicon wanted to retain the benefits of the

11  assets it purchased from Aurionpro, Saicon chose to reaffirm the APA in the State Court Action

12  when it sought damages arising under the APA, not rescission.  Saicon cannot reverse course and

13  argue for rescission of the Note based on alleged fraud.

14  On April 1, 2016, Plaintiff sold all or substantially all of its information technology staffing

15  business—consisting primarily of contracts with third parties—to Defendant through an Asset

16  Purchase Agreement ("APA").  The purchase price was comprised of three parts.  Saicon paid $2.5

17  million in cash up front, delivered the Note which came due on the first anniversary of the closing of

18  the sale (*i.e.*, April 1, 2017), and agreed to pay an additional $1 million Contingent Payment if the

19  revenue from the single largest contract sold to Saicon, the State of California Insurance Fund

20  ("SCIF"), generated a specified minimum gross profit margin threshold by April 1, 2017.  *See*

21  *generally* Exh. B (Aurionpro's Cross-Complaint in the State Court Action); [Dkt. 1-1] (APA), §

22  2.2(b).

23  Saicon paid the $2.5 million cash component of the purchase price at the closing in April

24  2016 and Aurionpro assigned the service contracts to Saicon.  As the due date of the Contingent

25  Payment and first Note payment approached, both parties acknowledged that the SCIF contract had

26  satisfied the financial thresholds stated in the APA, which meant that both the Contingent Payment

27  and the Note would be due on the first anniversary of the sale closing.  Exh. B (Aurionpro's Cross-

28  Complaint), ¶¶ 13-19.

PLAINTIFF AURIONPRO SOLUTIONS, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE
PLEADINGS

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Saicon failed to pay the first installment payment due on the Note in April 2017, which

2    resulted in the automatic acceleration of the amount owed on the Note.  [Dkt. 1-2] (Promissory

3    Note), p. 2.  Saicon also never made the $1 million payment triggered by the performance of the

4    SCIF contract.  Exh. B (Aurionpro's Cross-Complaint), ¶ 18.  Instead of commencing payment on

5    the Note and paying the Contingent Payment when due, Saicon sued Aurionpro on inflated and

6    unprovable claims of fraudulent and negligent misrepresentation in the State Court Action.  *See, e.g.,*

7    Exh. A (Saicon's Complaint) at ¶¶ 26-42.

8    Although the Note is an integral part of the transaction at issue in the State Court Action, the

9    parties agreed that claims under the Note would be handled separately.  Specifically, the parties

10   agreed that disputes arising from the Note would be submitted to a court of competent jurisdiction in

11   San Francisco:  "Borrower [*i.e.*, Saicon] hereby irrevocably consents and submits to the

12   nonexclusive jurisdiction and venue of the Federal District Court or State court of competent

13   jurisdiction located in San Francisco, California for adjudication of any dispute or non-payment

14   concerning this Note."[1]  [Dkt. 1-2], p. 4.  There is no similar venue provision in the APA.  In effect,

15   the parties agreed that issues related to the Note would be adjudicated separate and apart from claims

16   related to the APA.

17   Saicon's claims cannot absolve it of paying the amounts owed on the Note because the

18   remedy Saicon chose in the State Court Action does not allow it.  Saicon affirmed the APA by suing

19   on it and omitting a claim for rescission.  Saicon is therefore estopped here from denying its

20   obligations under the APA and the Note because its state court claims seek damages for fraud—

21   versus the alternative remedy of rescission that would restore it to its status pre-APA.  The parties

22   specifically confirmed in the Note and APA that claims lke those alleged by Saicon in the State

23   Court Action cannot be offset against obligations under the Note.  *Denevi v. LGCC*, 121 Cal. App.

24   4th 1211, 1220 (Ct. App. 2004) ("To be sure, the law requires one who has been defrauded into

25   entering a contract to choose either to 'affirm or rescind' the contract"); Cal. Civil Code § 1689(b).

26

27   _____

28   [1] The APA contained an arbitration provision that Aurionpro argued applied to the claims asserted in the State Court Action.  The judge presiding in the State Court Action disagreed and concluded that the claims at issue in the State Court Action were not encompassed in the arbitration provision.

1  Saicon cannot retain the benefit of the bargain—Aurionpro's erstwhile assets—while refusing to pay

2  for them. *Montgomery v. McLaury*, 143 Cal. 83, 87 (1904) ("He may affirm the contract, and have

3  his action at law for damages for the deceit, or he may disaffirm the contract, and sue in equity for a

4  rescission; but he cannot pursue both remedies at the same time").  Simply put, Aurionpro is entitled

5  to immediate judgment on the Note even if Saicon has countervailing claims in the State Court

6  Action.

7       There is no dispute that Saicon signed the Note and then failed to make any payments on the

8  Note.  Having sued to enforce its rights under the APA, which required Saicon to execute the Note,

9  Saicon cannot avoid paying the Note by alleging fraud.  Saicon already elected a remedy in the State

10 Court Action that binds it to the Note's terms, which unambiguously entitle Aurionpro to $1.5

11 million without offset, plus interest, fees, and costs.

12 **I.     BACKGROUND**

13      **A.     In April 2016, Saicon Executed An Asset Purchase Agreement ("APA") and**

14             **Promissory Note In Aurionpro's Favor, Agreeing To Begin Making Payments**

15             **Under The Note On April 1, 2017.**

16      In March 2016, the parties entered negotiations to sell Aurionpro's information technology

17 consulting business unit to Saicon through an asset sale.  [Dkt. 1], ¶ 8; [Dkt. 9] (Saicon's Answer), ¶

18 8.  Ultimately, through the deal with Saicon, various consulting contracts comprising Aurionpro's

19 consulting business unit were assigned to Saicon through an asset sale governed by the APA.  *See id*.

20 In exchange, Saicon executed the Note as part of the consideration paid for Aurionpro's assets:

21          …Seller shall receive an additional consideration of one million five hundred
            thousand dollars ($1,500,000), which amount shall be paid in twelve (12) equal
22          monthly installments with the first installment commencing on the first anniversary of
            the Closing Date [date] and each monthly installment thereafter being payable on
23          [the] first business day of each calendar month thereafter.  Payments due under this
            Section 2.2(c)…shall be evidenced by the promissory notes executed by Buyer in
24          favor of Seller…

25 [Dkt. 1-1], § 2.2(c).

26      Through the Note, Saicon "promise[d] to pay Aurionpro Solutions, Inc....the principal sum of

27 One Million Five Hundred Dollars ($1,500,000.00)" due in "twelve (12) equal monthly installments

28 of One Hundred and Twenty Five Thousand Dollars ($125,000.00) each, commencing on the first

PLAINTIFF AURIONPRO SOLUTIONS, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE
PLEADINGS

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    anniversary date of this Note," *i.e.*, April 1, 2017.  [Dkt. 1-2], p. 1; [Dkt. 1], ¶¶ 9-11; [Dkt. 9], ¶¶ 9-

2    11.

3           However, if Saicon failed to make the first payment on April 1, 2017, "the entire unpaid

4    principal sum under this Note together and interest, if any, shall automatically become due and

5    payable without further notice or demand..."  *Id.* [Dkt. 1-2], p. 2; [Dkt. 1], ¶ 14; [Dkt. 9], ¶ 14.   A

6    failure to pay would also trigger the Note's interest provision:

7           [The] Note shall bear interests on the amounts unpaid under this Note, from the date
           of the occurrence of such Event of Default [*i.e.*, failure to pay]…payable on demand
8           in immediately available funds, at a rate equal to twelve percent (12%) per annum.
           The Borrower [Saicon] shall pay accrued interest, if any, at least monthly on the first
9           business day of each calendar month.  Interest shall accrue and be computed on the
           basis of a 360-day year of twelve 30-day months.
10

11   [Dkt. 1], ¶¶ 15-16; [Dkt. 1-2], p. 3; [Dkt. 9], ¶ 15.

12          Saicon agreed that it would pay the Note regardless of any countervailing claims it might

13   have arising under the APA.  Specifically, the Note states that "[a]ll amounts payable or payments

14   made pursuant to the terms of this Note ***shall be made free and clear of and without any defense,***

15   ***deduction, withholding, set-off or counterclaim***."  [Dkt. 1-2], p. 3 (emph. added); *see also* [Dkt. 1],

16   ¶ 21; [Dkt. 9], ¶ 21.   Saicon confirmed waiver of its right to setoff claims for breaches of the APA in

17   another APA provision.  [Dkt. 1-1], § 6.8[2].  Further, Saicon also agreed to pay Aurionpro's fees and

18   costs associated with enforcing the Note:

19          promis[ing]s to pay all reasonable out-of-pocket costs and expenses (including
           without limitation reasonable attorney fees and expenses), in connection with the
20          enforcement (whether through negotiations, legal proceedings or otherwise) of this
           Note, whether or not a lawsuit is filed or commenced.
21

22    [Dkt. 1-2], p. 2; [Dkt. 1], ¶ 17.  Finally, as noted above, any disputes arising under the Note,

23   including claims related to a failure by Saicon to pay the Note, must be litigated in a San Francisco

24   state or federal court.  [Dkt. 1], ¶ 6; [Dkt. 1-2], p. 3; [Dkt. 9], ¶ 6.

25          In short, in the event of non-payment, the parties agreed that Aurionpro would be entitled to

26   ---
     [2] Section 6.8 of Article VI of the APA refers to Saicon's waiver of a right to setoff in context section of the APA, which
     assumed that Saicon's claims would be adjudicated through arbitration; as noted *supra* in Note 1, Aurionpro initially
27   sought to compel arbitration pursuant to Article VI.  The Superior Court of Contra Costa County ultimately denied that
     motion with prejudice.  Nonetheless, the remaining provisions of the Article VI of the APA, including section 6.8,
     remain enforceable.  The setoff waiver clearly applies to any contract claims asserted by Saicon which cannot be set off
28   until after such claims are adjudicated in favor of Saicon, and even then subject to a cap.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    judgment on the Note as a matter of law regardless of any countervailing claims Saicon may assert

2    here or in the State Court Action.  While fraudulent inducement might conceivably operate to bar

3    judgment on the Note, that would only be the case if Saicon had sought rescission in the first-filed

4    State Court Action—*i.e.*, a return to its status quo ante the execution of the Note and APA.  But

5    Saicon sought damages, not rescission, and the Note states in plain language that any claim for

6    damages cannot be set off against the Note.

7         **B.**     **In March 2017, Saicon Sued Aurionpro To Avoid An Additional $2.5 Million**

8              **Obligation Under the APA And The Promissory Note, But It Did Not Seek**

9              **Rescission Of Those Agreements.**

10        Shortly before it was obliged to pay Aurionpro $1 million and begin making payments on the

11   $1.5 million Note, [Dkt. 1], ¶ 11, [Dkt. 9], ¶¶ 9-11, Saicon sued Aurionpro in the Superior Court of

12   Contra Costa County on March 20, 2017 for breach of contract, fraudulent misrepresentation,

13   negligent misrepresentation, restitution for violations of Business & Professions Code § 17200, and

14   declaratory relief, all stemming from alleged breaches of the APA.  *See generally* Exh. A (Saicon's

15   Complaint)[3].

16        Saicon's state court Complaint ***does not***, however, seek to rescind the APA, the Note, or any

17   of Saicon's other obligations arising out of its transaction with Aurionpro, nor does it seek to return

18   the parties to the status quo ante.  *See generally id.*  Saicon makes generic allegations that it was

19   "induced" to transact with Aurionpro because of purported misrepresentations, *e.g., id.* at ¶ 1, but

20   those claims are couched as fraudulent and negligent misrepresentation claims for damages under

21   the APA, not fraudulent inducement.  *Id.* at ¶¶ 26-42.  Indeed, though so far unchallenged by

22   Aurionpro in the State Court Action, Saicon's fraud allegations there fall short of California's

23   requirements for such claims, omitting any specific factual allegations of the "who, what, when,

24   where or how" of the alleged fraud—including any mention of Saicoin's purported damages.  *See*

25   *id.*; *Lazar v. Superior Court*, 12 Cal.4th 631, 644-645 (1996).

26        Saicon's Complaint also categorically omits any allegation or claim for rescission.  *See, e.g.,*

27   

28   [3] In the State Court Action, Saicon has also alleged breach of contract claims related to a purported obligation to transfer certain licenses to it.  *E.g.*, Exh. A (Saicon Complaint) at ¶ 15.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   Exh. A (Saicon's Complaint). at p. 14 (Prayer for Relief).  Though Saicon does allege an equitable

2   claim for restitution, *id.* at ¶¶ 43-45, it made this claim under Business & Professions Code § 17200;

3   absent a predicate claim for rescission, restitution under that code section can only be understood as

4   a claim for a statutory remedy, not an attempt to void Saicon's contracts with Aurionpro.  *See, e.g.,*

5   *People ex rel. Kennedy v. Beaumont Inv., Ltd.*, 111 Cal. App. 4th 102, 133-134 (Ct. App. 2003)

6   (distinguishing rescission from statutory restitution under California's unfair competition law, noting

7   statutory restitution is properly granted without disturbing an underlying contract).  Coupled with

8   Saicon's weak allegations—particularly of alleged damages—the absence of a claim for rescission

9   suggests one unavoidable inference: Saicon does not want to rewind the Note and APA because it

10  has, on balance, benefitted under those contracts.

11          In ***this*** Court, however, Saicon wants to avoid paying the Note by alleging it was induced to

12  enter the APA and execute the Promissory Note through "negligent and/or intentional

13  misrepresentations."  [Dkt. 9], p. 7; [Dkt. 24] (Joint Case Management Statement), p. 3.  The

14  allegations here and in the State Court Action derive from similar, generic, allegations of fraudulent

15  misrepresentations without any specific allegations of misrepresentations that, if true, would support

16  the equitable remedy of rescission.  The crucial difference is that in Saicon's earlier-filed State Court

17  Action, Saicon is seeking only damages for those alleged frauds, along with related claims for

18  damages for alleged breach of the APA, disgorgement, and restitution.  Here, Saicon wants to use

19  the same fraud allegations to avoid its contractual obligations under the Note.  Saicon cannot have it

20  both ways.

21          In any event, following Saicon's failure to make payments on the Note, on April 7, 2017

22  Aurionpro was forced to sue Saicon in this Court for the full $1.5 million due, plus interest, fees, and

23  costs.  Because Saicon missed its initial payment, the acceleration provision of the Note rendered the

24  full amount of $1.5 million due immediately.  [Dkt. 1], ¶¶ 14-17; [Dkt. 1-2], at p. 1-2.

25          Saicon concedes these material facts, which compel a judgment in Aurionpro's favor on the

26  Note.  Saicon concedes that it executed the Note.  [Dkt. 9], ¶ 9.  Saicon concedes that it did not make

27  the initial $125,000.00 payment under the $1.5 million Note on April 1, 2017.  *Id.* at ¶ 12.  Nor does

28  Saicon dispute the other material terms of the Note, including the acceleration provision, alleging

1  instead that "the Promissory Note speaks for itself." *E.g., id.* at ¶¶ 8-14.

2  **II.    ARGUMENT**

3         **A.    Judgment On The Pleadings Is Appropriate Because Saicon Admits All**

4              **Necessary Material Facts Supporting Judgment In Aurionpro's Favor, And**

5              **Aurionpro Is Entitled To Judgment As A Matter Of Black-Letter California**

6              **Law.**

7              The Court should grant a motion on the pleadings where, as here, "the moving party clearly

8  establishes on the face of the pleadings that no material issue of fact remains to be resolved and that

9  it is entitled to judgment as a matter of law." *Advanced Micro Devices, Inc. v. Altera Corp.*, 1996

10 WL 119482, *2 (N.D. Cal. Mar. 11, 1996) (citing *Hal Roach Studios v. Richard Feiner & Co.*, 896

11 F.2d 1542, 1550 (9th Cir. 1990) and granting plaintiff's motion for judgment on the pleadings

12 regarding defendant's counterclaim for infringement following analysis of plaintiff's contractual

13 licensing rights in the allegedly infringed intellectual property). "A motion for judgment on the

14 pleadings is 'functionally identical' to a motion to dismiss for failure to state a claim; the only

15 significant difference is that a Rule 12(c) motion is properly brought 'after the pleadings are

16 closed—but early enough not to delay trial.'" *XL Specialty Ins. Co. v. Perry*, 2012 WL 6800780, *3

17 (C.D. Cal. Jan. 26, 2012) (citing *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir.

18 1989)); *see also Chang v. Wells Fargo and Co.*, 2010 WL 582157, *1 (N.D. Cal. Feb. 11, 2010)

19 (citing *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989) and

20 granting motion for judgment on the pleadings because pro se plaintiff was barred from bringing

21 claims on behalf of ERISA plan).

22             "The scope of the pleadings includes any documents that are incorporated by reference into

23 the pleadings." *Id.* at *3; Fed. R. Civ. P. 12(c).  Documents referred to specifically by the pleadings,

24 the authenticity of which is not in question, are not "outside" the pleadings. *Advanced Micro*

25 *Devices, Inc. v. Altera Corp.*, 1996 WL 119482 at * 2.  Further, "[w]hen a plaintiff moves for

26 judgment on the pleadings as to its own complaint, the court shall not grant the motion when the

27 answer raises issue[s] of fact that would defeat recovery or any affirmative defenses." *XL Specialty*

28 *Ins. Co*, 2012 WL 6800780 at *3 (citing *Gen. Conference Corp. of Seventh-Day Adventists v.*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   *Seventh Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989).  Importantly, the

2   Court may properly consider pleadings filed in related matters pending in other courts, including

3   state court, in ruling on the pleadings.  *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504-505 (9th

4   Cir. 1986) ("On a motion to dismiss, we may take judicial notice of matters of public record outside

5   the pleadings"); *HotChalk, Inc. v. Scottdale Ins. Co.*, 217 F.Supp.3d 1058, 1062 (N.D. Cal. 2016)

6   (granting request for judicial notice of pleadings in another matter on defendant's Rule 12(c)

7   motion); *see also Living on the Edge, LLC v. Lee*, 2015 WL 12661917, at *3 (C.D. Cal. Aug. 25,

8   2015) ("The Court may take judicial notice of filings and pleadings in other cases, even where filed

9   in different courts, as such documents are a matter of public record and 'not subject to reasonable

10  dispute.' *See* Fed. R. Evid. 201(b)(2). While the Court does not accept the truth of the assertions

11  made in these documents, it can take notice of the fact that certain assertions were made in these

12  documents").

13         Finally, in its discretion, the Court may grant Aurionpro's motion but decline to permit

14  Saicon leave to amend, particularly where, as here, amendment would be futile.  *Crosby v. Wells*

15  *Fargo Bank, N.A.*, 42 F. Supp. 3d 1343 (C.D. Cal. 2014) (citing *In re Dynamic Random Access*

16  *Memory (Dram) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1113 (N.D. Cal. 2007) and holding

17  amendment would be futile because plaintiff's claims were barred by the applicable statute of

18  limitations).

19         **B.      Saicon Cannot Seek To Enforce Its Contractual Rights In State Court And**

20                 **Then Avoid Paying The Note By Claiming "Fraud" In Federal Court.**

21         Saicon asserted purported fraud in the inducement as a bar to enforcement of the Note.  [Dkt.

22  9], p. 7.  In effect, Saicon seeks rescission with respect to the Note, but that relief is barred because

23  of its earlier filed State Court Action.

24         As the party claiming fraud in the inducement, Saicon had a choice of remedies: either

25  rescind the contract or affirm the contract and sue for damages.  This is because "[a]n action for

26  rescission and an action for breach of contract are alternative remedies.  The election of one bars

27  recovery under the other."  *Akin v. Certain Underwriters At Lloyd's London*, 140 Cal. App. 4th 291,

28  296, 298 (2006) ("Plaintiff's request for payment under the [insurance] policies is inconsistent with a

Case No.: 3:17-CV-01951 EMC          – 8 –

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   claim for rescission damages under [CCP] section 1692.  [Defendant's] [r]escission extinguishes the

2   policies.  Plaintiff's claim, however, seeks to affirm the policies and obtain recovery under its

3   provisions").

4        Here, Saicon's alleged fraud in the inducement is a bar to liability on the Note.  *See* [Dkt. 9],

5   p. 7; [Dkt. 24] (Joint Case Management Statement), p. 3.  By attempting to avoid paying the Note on

6   this theory, Saicon asks the Court to rescind the Note and return the parties to their status quo ante

7   before executing the Note.  *See, e.g., Sharabianlou v. Karp,* 181 Cal. App. 4th 1133, 1145 (Ct. App.

8   2010)*, as modified on denial of reh'g* (Mar. 3, 2010) ("[r]elief given in ***rescission cases***—restitution

9   and in some cases consequential damages—***puts the rescinding party in the status quo ante,***

10   ***returning him to his economic position before he entered the contract***") (internal citations omitted)

11   (emph. add).  Saicon's problem is that it first sued Aurionpro for damages in the State Court Action

12   for breaching the larger deal of which the Note was a part.  Exh. A (Saicon's Complaint), ¶¶ 1-25.

13   Despite claiming in the State Court Action that it was fraudulently induced to enter the APA and the

14   Note, Saicon made the affirmative decision not to seek rescission of those contracts.  *See generally*

15   *id*.  Instead, it affirmed the APA by suing for its alleged breach in the State Court Action, retaining

16   Aurionpro's assets, and claiming damages under the APA.  *Id.* at ¶¶ 21-25.  If Saicon now wishes to

17   rescind the Note (and the APA, for that matter, because the Note and the APA would have to be

18   rescinded if Saicon wanted to avoid paying the deferred purchase price) it would first need to return

19   the assets it purchased from Aurionpro.  Because it has not[4], and because it sued for damages in the

20   State Court Action, Saicon is bound by the terms of the Note.  *VenVest Ballard, Inc. v. Clockwork,*

21   *Inc.*, 2014 WL 12589647, *7 (C.D. Cal. Oct. 6, 2014) ("In light of the benefits retained by

22   Defendants in the form of new franchise agreements where Plaintiffs' [sic] previously held them,

23   and the due diligence conducted, Defendants may neither seek rescission, nor is it possible").

24        Thus, to the extent Saicon argues that it is excused from paying the Note, that theory is

25   barred by California law because Saicon already elected its remedy by reaffirming the Note and the

26   APA.  *See, e.g.*, *NRG Energy, Inc. v. Fuchs*, 2011 WL 1625169, *4 (S.D. Cal. April 28, 2011)

27

28   _____

[4] Indeed, Saicon's retention of Aurionpro's assets is arguably sufficient to manifest its election of a damages remedy.
*See Broadcast Music, Inc. v. Davis*, 2012 WL 13008124 at*6 (C.D. Cal. Mar. 3, 2012).

PLAINTIFF AURIONPRO SOLUTIONS, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE
PLEADINGS

1   (granting motion to dismiss and noting that "the remedy of recission [sic] is inconsistent with the

2   remedy of actual and compensatory damages that [defendant] sought in his counterclaims") (citing

3   *Denevi v. LGCC*, 121 Cal. App. 4th 1211, 1220 (Ct. App. 2004)); *Broadcast Music, Inc. v. Davis*,

4   2012 WL 13008124, *6 (C.D. Cal. Mar. 3, 2012) (granting motion to dismiss and noting that

5   "[c]ounterclaimants seek to retain the benefits of the Affiliation Agreements…which the Court

6   construes as an affirmation of those contracts") (citing *Akin*, 140 Cal. App. 4th at 296).

7        Simply put, Saicon cannot both sue on the APA and at the same time refuse to comply with

8   its own obligations under the APA and the Note.  A party alleging fraudulent inducement must either

9   affirm the underlying contract or seek rescission.  *Denevi v*, 121 Cal. App. 4th 1211 at 1220 ("To be

10  sure, the law requires one who has been defrauded into entering a contract to choose either to 'affirm

11  or rescind' the contract."); Cal. Civil Code § 1689(b); *Montgomery*, 143 Cal. at 87 ("He may affirm

12  the contract, and have his action at law for damages for the deceit, or he may disaffirm the contract,

13  and sue in equity for a rescission; but he cannot pursue both remedies at the same time…").  The

14  distinction is material because it determines the available damages.  *See Akin* 140 Cal. App. 4th at

15  298-299 (in electing rescission or contract remedies, a plaintiff "can treat the contract as rescinded

16  and recover damages resulting from the rescission.  Or she can treat the contract as repudiated by the

17  other party and recover damages to which she would have been entitled…"); *Cf. Sharabianlou,* 181

18  Cal. App. 4th at 1144-45 ("The distinction between disaffirmance and affirmance of the contract has

19  important consequences when it comes to damages").

20        Having affirmed the Note, Saicon remains bound by its terms.  *E.g., Akin*, 140 Cal. App. 4th

21  at 299) ("[P]laintiff's cause of action for improper rescission amounted to no more than a cause of

22  action for breach of contract…Plaintiff's claim, therefore, was barred by the contractual one-year

23  limitations period"); *Wong v. Stoler*, 237 Cal. App. 4th 1375, 1384 (Ct. App. 2015), *as modified on*

24  *denial of reh'g* (June 23, 2015), *review denied* (Aug. 26, 2015) ("Alternatively, the party may affirm

25  the contract, treating it as repudiated, and recover damages for breach of contract or fraud [citation to

26  *Akin*]"); *Kraif v. Guez*, 2013 WL 12133882, *4-5 (C.D. Cal. Aug. 30, 2013) (applying California

27  law, and noting that "Plaintiff cannot thereby affirm those parts of the agreement that benefit him,

28  but invalidate a major part of the agreement that benefits Defendant") (citing *Village Northridge*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No.: 3:17-CV-01951 EMC          – 10 –

1   *Homeowners Assoc. v. State Farm Fire and Cas. Co.*, 50 Cal.4th 913 (2010)) (internal citations and

2   interpolations omitted).  Given the plain language of the Note, Saicon has no good faith argument for

3   failing to pay the sum owed under the Note because the Note represents a portion of the purchase

4   price under the APA, and because the Note and the APA bar set-off even if Saicon could prove

5   fraud, breach of the APA, damages, or entitlement to other monetary relief.  Saicon affirmed the

6   contract, did not plead rescission, did not tender the assets sold to it, and did not ask the state court to

7   return the parties to the status quo ante before the APA was signed.

8          **C.     Saicon's Remaining Affirmative Defenses Also Cannot Excuse Payment of the**

9                   **Note.**

10         Saicon concedes the Note became due on April 1, 2017; Saicon also concedes it never made

11  payments on the Note.  *See* [Dkt. 9] at ¶¶ 8-13.  Nor does Saicon dispute the Note's authenticity or

12  its other material provisions.  *See id.*  Accordingly, there is no dispute that full payment of the Note

13  is due to Aurionpro now.  Any claims for damages that Saicon may have against Aurionpro do not

14  alter this result because the Note disclaims any right of set-off by Saicon.  [Dkt. 1-2] at p. 2.  The

15  APA states that Saicon "shall have no right to set off any amounts due and payable to [Aurionpro]

16  nor shall [Saicon] have any right to withhold payment pursuant to this Agreement or under any other

17  agreement, unless and until the arbitrator has issued a final non-appealable binding award in favor

18  of" Saicon.  [Dkt. 1-1], § 6.8.  Such set-off waivers are valid and enforceable in California.  16 Cal.

19  Jur. 3d Counterclaim and Setoff § 28; s*ee also Jess v. Herrmann*, 26 Cal. 3d 131, 143 (1979)

20  ("Moreover, past California decisions have additionally made it clear that under appropriate

21  circumstances a party may waive the statutory right of setoff").  Aurionpro is thus entitled to

22  judgment on the Note, and Saicon cannot set off against this judgment.  Saicon's remedy is to

23  prevail on its claims in the State Court Action.

24         Saicon's remaining affirmative defenses thus cannot bar enforcement of the Note.  At best,

25  these defenses would (if proven) entitle Saicon to a set-off.  But, as discussed, Saicon already

26  waived its right to a set-off.  Saicon's only remedy with respect to any purported fraud by Aurionpro

27  is to seek damages in the State Court Action.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

PLAINTIFF AURIONPRO SOLUTIONS, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE
PLEADINGS

**D.      The Equitable Relief Sought By Saicon In The State Court Action Cannot Impede Judgment In Aurionpro's Favor Here.**

In the State Court Action, Saicon seeks restitution and/or disgorgement[5] from alleged violations of California's Unfair Competition Law ("UCL") codified as Business & Professions Code section 17200, *et seq.* Exh. A. at ¶¶ 43-45.  Aurionpro anticipates Saicon will refer to this alleged equitable relief in an attempt to cloud application of California's black-letter law of fraudulent inducement and rescission. *See id.*  However, the equitable relief sought by Saicon in the State Court Action has no bearing on whether Aurionpro is entitled to judgment here.  At best, like Saicon's other claims in the State Court Action, Saicon's demand for equitable relief should be understood as another claim that cannot be offset against the money owed on the Note.

*First*, as discussed above, Saicon has not alleged a claim for rescission of the APA or Note in the State Court Action. *See generally id.*  To the contrary, Saicon has affirmed the APA and Note by suing to enforce its rights under the APA. *Id.*  Thus, in the State Court Action, Saicon's claim for restitution is ***not*** a claim for relief flowing from a rescinded contract. *See, e.g., Beaumont Inv., Ltd.*, 111 Cal. App. 4th at 132-134 (noting that rescission and restitution are distinct remedies, and that "rescission is not a necessary predicate to granting restitution").  There is thus no reason to infer that Saicon seeks rescission of its deal with Aurionpro merely because it pleaded a claim for restitution under the UCL. *See id.*

*Second*, the relief Saicon seeks under the UCL is subject to crystal-clear limitations because Saicon retains the assets sold by Aurionpro.  Saicon's fraud theory is that it overpaid for those assets. *See* Exh. A at ¶¶ 1, 11, 27, 36, 44-45.  In that context—*i.e.*, where a UCL plaintiff claims it was overcharged by virtue of alleged frauds—the restitution available is limited:

> The California Supreme Court has held that, while restitutionary disgorgement may be an available remedy under the UCL, nonrestitutionary disgorgement is not available in a UCL individual or in a UCL representative action[.]
>
> …

---

[5] Saicon characterizes this relief differently throughout its Complaint. *Compare* Exh. A at ¶ 45 *with id.* at p. 14 (Prayer for Relief).

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

PLAINTIFF AURIONPRO SOLUTIONS, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS

> Courts ordering restitution under the UCL are not concerned with restoring the violator to the status quo ante.  The focus instead is on the victim.  Obviously, restitution without proof of any loss to any plaintiff cannot be characterized as restitutionary.
>
> …
>
> [Accordingly, w]hile a full refund may be proper when a product confers no benefit on consumers, such is not the scenario here.  Plaintiffs do not dispute the court's finding that they obtained no value from Marlboro Lights apart from the deceptive advertising.  Indeed, it appears inherently implausible to show a class of smokers received no value from a particular type of cigarette.  Under the circumstances, the [*In re Vioxx Class Cases*, 180 Cal. App. 4th 116 (Ct. App. 2009)], measure of restitution was proper…

*In re Tobacco Cases II*, 240 Cal. App. 4th 779, 800-802 (Ct. App. 2015) (affirming measure of restitutionary damages used by trial court and trial court's judgment in favor of defendants) (internal citations omitted).

Accordingly, under *Vioxx*, restitutionary claims like Saicon's are measured by "[t]he **difference between what the plaintiff paid and the value of what the plaintiff received**." *Vioxx Class*, 180 Cal. App. 4th at 116.   Saicon's claim for restitution / disgorgement constitutes a "defense, deduction, withholding, set-off or counterclaim" to the amounts owed on the Note because, by claiming restitution under the UCL in this context, Saicon claims it overpaid for Aurionpro's assets—precisely the kind of harm that cannot be offset against the Note. *See* [Dkt. 1-2], p. 2.

## III.    CONCLUSION

For the foregoing reasons, the Court should grant Aurionpro's Motion for Judgment on the Pleadings.  Saicon cannot avoid this result by alleging it was fraudulently induced to execute the Note.  If this case were happening in a vacuum, perhaps it could; as it is, Saicon already elected to pursue damages on this theory in the State Court Action, and it cannot reverse course and pursue an inconsistent rescission theory here.  On the pleadings, it is undisputed that Saicon executed the Note on April 1, 2016.  It is undisputed that Saicon's first payment under the Note was due on April 1, 2017.  It is undisputed that Saicon did not make this payment.  Nor does Saicon dispute the authenticity of the Note or the Note's other material terms, including the Note's acceleration,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    interest, and fee provisions.  To the contrary, the terms of the Note are clear: Saicon is immediately

2    liable for $1.5 million, plus interest, plus Aurionpro's fees and costs.

3

4

5    DATED:  December 21, 2017              REED SMITH LLP

6

7                                          By: /s/ Timothy L. Moore_____
                                               Jonathan R. Doolittle
8                                              Timothy L. Moore
                                               *Attorneys for Plaintiff,*
9                                              *Aurionpro Solutions, Inc.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

PLAINTIFF AURIONPRO SOLUTIONS, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE
PLEADINGS