Benjamin A. Nix, Bar No. 138258
ban@paynefears.com
David A. Grant, Bar No. 288760
dag@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Defendant, SAICON CONSULTANTS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AURIONPRO SOLUTIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAICON CONSULTANTS, INC.,<br><br>Defendants. | Case No. 3:17-CV-01951 EMC<br><br>**The Hon. Edward M. Chen**<br><br>**OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Judge: Hon. Edward M. Chen<br>Date: January 25, 2018<br>Time: 1:30 p.m.<br>Crtrm.: 5<br><br>Trial Date: August 6, 2018 |

/ / /

## TABLE OF CONTENTS

| | Page |
|---|---|
| I. INTRODUCTION | 1 |
| II. THE STANDARD FOR A MOTION FOR JUDGMENT ON THE PLEADINGS | 3 |
| III. AURIONPRO'S MOTION FOR JUDGMENT ON THE PLEADINGS SHOULD BE DENIED | 4 |
|     A. Saicon Is Not "Barred" From Asserting Its Fraud-in-the-Inducement Affirmative Defense | 4 |
|         1. Saicon Is Not Asserting Clearly Inconsistent Positions | 6 |
|         2. Saicon Has Not Been Successful in Persuading a Court to Accept its Earlier Position | 9 |
|         3. Saicon Will Not Derive an Unfair Advantage or Impose on Unfair Detriment on Aurionpro if Not Estopped | 9 |
|     B. Aurionpro Ignores Saicon's Other Affirmative Defenses | 10 |
| IV. CONCLUSION | 12 |

# TABLE OF CONTENTS

**Page**

**Federal Cases**

*Broad. Music, Inc. v. Davis*,
  No. CV1010089RGKFFMX, 2012 WL 13008124 (C.D. Cal. Mar. 30, 2012) ............................................................................................................ 7

*Dworkin v. Hustler Magazine, Inc.*,
  867 F.2d 1188 (9th Cir. 1989) ................................................................................. 3

*Fifty-Six Hope Rd. v. Jammin Java Corp.*,
  No. 216CV05810SVWMRW, 2017 WL 2457487 (C.D. Cal. Jan. 25, 2017) ........................................................................................................... 11

*Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*,
  887 F.2d 228 (9th Cir. 1989) ............................................................................ 3, 10

*Kraif v. Guez*,
  No. CV1206206SJOSHX, 2013 WL 12133882 (C.D. Cal. Aug. 30, 2013) ............................................................................................................ 8

*Lawson v. Youngblood*,
  No. 1:09-CV-00992-LJO-MJ, 2014 WL 1600440 (E.D. Cal. Apr. 21, 2014) ............................................................................................................ 3

*McGlinchy v. Shell Chemical Co.*,
  845 F.2d 802 (9th Cir. 1988) ............................................................................ 3, 10

*New Hampshire v. Maine*,
  532 U.S. 742, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001) ................................. 5, 9

*NRG Energy, Inc. v. Fuchs*,
  No. 10-CV-0989-H WVG, 2011 WL 1625169 (S.D. Cal. Apr. 28, 2011) ............................................................................................................ 7

*Santos v. Reverse Mortg. Sols., Inc.*,
  No. 12-3296-SC, 2012 WL 4891597 (N.D. Cal. Oct. 12, 2012) ...................... 3, 10

*VenVest Ballard, Inc. v. Clockwork, Inc.*,
  No. EDCV1400195MWFEX, 2014 WL 12589647 (C.D. Cal. Oct. 6, 2014) ............................................................................................................ 7

# TABLE OF CONTENTS
# (continued)

Page

*Williams v. Boeing Co.*,
 517 F.3d 1120 (9th Cir. 2008) ........................................................................... 5, 9

**California Cases**

*Acoustics, Inc. v. Trepte Constr. Co.*,
 14 Cal. App. 3d 887, 92 Cal. Rptr. 723 (1971) ...................................................... 11

*Akin v. Certain Underwriters At Lloyd's London*,
 140 Cal. App. 4th 291, 44 Cal. Rptr. 3d 284 (2006) ................................................. 7

*Brown v. Grimes*,
 192 Cal. App. 4th 265, 120 Cal. Rptr. 3d 893 (2011) .............................................. 11

*Denevi v. LGCC*,
 121 Cal. App. 4th 1211, 18 Cal. Rptr. 3d 276 (2004) ............................................... 7

*Montgomery v. McLaury*,
 143 Cal. 83, 76 P. 964 (1904) ................................................................................ 8

*Sharabianlou v. Karp*,
 181 Cal. App. 4th 1133, 105 Cal. Rptr. 3d 300 (2010) ............................................. 7

*Wong v. Stoler*,
 237 Cal. App. 4th 1375, 188 Cal. Rptr. 3d 674 (2015) ............................................. 8

**California Statutes**

CAL. CIV. CODE § 1692 ...................................................................................... 6

**Rules**

FE. R. CIV. P. 9 .................................................................................................... 7

FED. R. CIV. P. 12(b), 12(c) ................................................................................. 3

## I. INTRODUCTION

Aurionpro's motion for judgment on the pleadings begs the question: why is it being brought now?[1] Aurionpro has been aware of the facts it claims justify a motion for judgment on the pleadings from the moment Saicon filed its answer on May 4, 2017. This could have been brought as a 12(b)(6) motion attacking Saicon's answer and affirmative defenses, but it was not. So why now? Because Aurionpro knows it cannot succeed on its anticipated motion for summary judgment—a motion it has been banking on since the inception of this case—and is desperate to avoid it and the subsequent trial of this case.

There is no question that Aurionpro fraudulently induced Saicon to enter into the APA and the promissory note. The limited, pre-mediation discovery in this case has already disclosed an internal memorandum from Aurionpro's Executive Vice President to its CFO voicing his strong concerns over the way certain assets and liabilities were accounted for in the financial information provided to Saicon as part of the APA. He specifically states that Aurionpro's assets and liabilities were not properly accounted for and put those concerns to Aurionpro's CFO in writing because "there is no designated compliance officer at the company." This document, as well as other evidence, is fatal to Aurionpro's much-anticipated motion for summary judgment and to its case as a whole. Desperate to have this case adjudicated without the consideration of this damning evidence, Saicon brings this misconceived motion for judgment on the pleadings.

But the motion fails. Aurionpro seems to think that if it just cites a lot of

---

[1] Beyond, or course, the obvious reason of inducing Saicon to prepare this opposition over the Christmas and New Year's holidays, which Saicon appreciates.

1 cases to the Court, the Court will become convinced that their argument has merit.
2 The more one repeats a falsehood, the more it appears to have some truth to it. But
3 an actual reading of the cases discloses that none of them actually support
4 Aurionpro's position. By and large, they stand for the unremarkable, and
5 completely inapposite, position that a party cannot *recover* both damages on a
6 contract and a rescission of a contract. None of the cases even remotely stands for
7 the position that a party cannot assert a fraud-in-the-inducement *defense* in one
8 forum while suing for breach of a related contract in another. Aurionpro couches
9 Saicon's affirmative defense as a "claim" for relief, a claim that it contends is barred
10 by an inconsistent claim in state court. This simply is not the case; it is a defense,
11 not a claim. Nor is it inconsistent. But *even if it were a claim for relief*, and *even if
12 it were inconsistent*, California law is explicit that both can be pursued
13 simultaneously, just, once successful, the plaintiff must elect a remedy rather than
14 recover on both theories.

16 What Aurionpro is really attempting to argue is estoppel, a word that
17 Aurionpro uses only once in the introduction to its motion. (*See* Mot. at 2:19
18 ("Saicon is therefore estopped here from denying its obligations under that APA and
19 Note . . . .").) That is the most important word in Aurionpro's brief. Aurionpro
20 argues throughout that Saicon is "barred" from asserting its fraud-in-the-inducement
21 affirmative defense, but without stating the legal basis for that asserted bar. That
22 legal basis is an estoppel theory. Why then is the word only used once? Because
23 Aurionpro knows that it cannot establish the prerequisites for an estoppel and
24 doesn't want the Court to come to that same realization. For the doctrine to apply,
25 the party to be estopped must have adopted "clearly inconsistent" positions and
26 "succeeded in persuading a court to accept that party's earlier position." Here,
27 Aurionpro can establish neither.

It is Aurionpro's burden to prove it is entitled to judgment on the pleadings because there are no issues of material fact and it is entitled to judgment as a matter of law. It has not done so. Saicon respectfully submits that Aurionpro's motion should be denied.

## II. THE STANDARD FOR A MOTION FOR JUDGMENT ON THE PLEADINGS

Judgment on the pleadings is proper when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law. *See Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). Motions filed pursuant to Rules 12(b) and 12(c) are "functionally identical" but for the time of filing. *Dworkin v. Hustler Magazine, Inc.,* 867 F.2d 1188, 1192 (9th Cir. 1989). All allegations of fact by the party opposing the motion are accepted as true, and are construed in the light most favorable to that party. *See McGlinchy v. Shell Chemical Co.,* 845 F.2d 802, 810 (9th Cir. 1988). "As a result, a plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery." *Gen. Conference Corp. of Seventh-Day Adventists*, 887 F.2d at 230. "Similarly, if the defendant raises an affirmative defense in his answer it will usually bar judgment on the pleadings." *Id.*; *see also Lawson v. Youngblood*, No. 1:09-CV-00992-LJO-MJ, 2014 WL 1600440, at *1 (E.D. Cal. Apr. 21, 2014) ("A plaintiff may bring the motion if the answer fails to controvert material facts alleged in the complaint. Such a motion cannot be granted if the answer raises a fact or an affirmative defense that, if true, would defeat recovery.").

"It is black-letter law that, on a Rule 12(c) motion, the moving party . . . bears the burden." *Santos v. Reverse Mortg. Sols., Inc.*, No. 12-3296-SC, 2012 WL

1 4891597, at *4 (N.D. Cal. Oct. 12, 2012). Aurionpro has not met its burden here. It
2 has not set forth the elements of the legal theory upon which its motion is based.
3 And the arguments it does make—arguments unmoored to any legal theory for the
4 granting of the motion—are not supported by the authorities to which Aurionpro
5 cites and, in fact, are contradicted by California law.

## III. AURIONPRO'S MOTION FOR JUDGMENT ON THE PLEADINGS SHOULD BE DENIED

10 Aurionpro has not carried its burden of establishing that it is entitled to
11 judgment on the pleadings in its favor. It has not established its right to an estoppel
12 nor has it established that the facts pleaded entitle it to judgment as a matter of law.
13 Saicon respectfully submits that the motion should be denied.[2]

### A. Saicon Is Not "Barred" From Asserting Its Fraud-in-the-Inducement Affirmative Defense

18 Aurionpro argues that, by suing for breach of the APA in state court, Saicon
19 has "affirmed" the transaction and cannot defend a claim for its breach based on
20 Aurionpro having fraudulently induced Saicon to enter into the promissory note.
21 (Mot. at 8:21-23 ("Saicon asserted purported fraud in the inducement as a bar to
22 enforcement of the Note. . . . In effect, Saicon seeks rescission with respect to the

---

[2] Aurionpro does not argue that Saicon's fraud-in-the-inducement affirmative defense is not supported by sufficient factual allegations. Should the Court independently so conclude, which Saicon submits it should not, Saicon requests leave to amend to plead additional facts in support of its affirmative defenses. To deny Saicon leave to amend would be to sanction a party waiting until late in the game to move for judgment on the pleadings and then pleading prejudice from any amendment to fix the pleadings.

1   Note, but that relief is barred because of its earlier filed State Court Action.").)
2   Aurionpro doesn't actually state the legal basis for this conclusion, but, presumably,
3   it is because "affirming" the contract in state court and defending on this basis of
4   fraud in this court is inconsistent, leading to an estoppel.  That is, Aurionpro argues
5   that Saicon is estopped from asserting its fraud-in-the-inducement affirmative
6   defense to Aurionpro's claim because Saicon has sued Aurionpro in state court for
7   breach of its obligations under the APA.[3]

9   "[J]udicial estoppel generally prevents a party from prevailing in one phase of
10  a case on an argument and then relying on a contradictory argument to prevail in
11  another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S. Ct. 1808,
12  1814, 149 L. Ed. 2d 968 (2001) (quotation omitted).  To establish an estoppel, the
13  moving party must show that: "1) the party's current position is 'clearly
14  inconsistent' with its earlier position, 2) the party was successful in persuading a
15  court to accept its earlier position, and 3) the party would 'derive an unfair
16  advantage or impose an unfair detriment on the opposing party if not estopped.'"
17  *Williams v. Boeing Co.*, 517 F.3d 1120, 1134 (9th Cir. 2008) (quoting *New*
18  *Hampshire*, 532 U.S. at 750-51).

20  Here, Aurionpro only attempts to address the first prong of the analysis—that
21  Saicon has allegedly asserted inconsistent positions.  That argument fails for the
22  reasons set forth below.  However, even if Saicon were asserting inconsistent
23  positions, which it is not, no estoppel would obtain until Saicon *succeeds* in the
24  assertion of the allegedly inconsistent position, a point the state court has not yet

---

[3] It is worth noting, Saicon also sues Aurionpro in the state court action for fraudulently inducing it to enter into the APA.  (*See* Dkt. No. 34-1, Ex. A at ¶¶ 11, 26-34.)

reached.

### 1. Saicon Is Not Asserting Clearly Inconsistent Positions

Aurionpro only argues as to the first prong of the estoppel analysis. (*See* Mot. at 8:19-11:7.) It argues that Saicon was entitled to two inconsistent *remedies* for Aurionpro's fraud, rescind or sue for damages. It argues that Saicon's election to sue for damages in the state court action (irrespective of the accompanying claim for fraud in that same case) is inconsistent with it now asserting its fraud-in-the-inducement affirmative defense in this case.[4] While Aurionpro cites to a great number of case in this section of its memorandum, not one of them actually supports the conclusion that Saicon has struck inconsistent positions in this instance or that the assertion of its affirmative defense is "barred."

Initially, there is an important distinction between the cases to which Aurionpro cites and the case at bar. None of those cases dealt with a party asserting a fraud-in-the-inducement affirmative defense to a contract claim while simultaneously suing on a contract claim related to the same transaction in the same court, or as here, in a different court. Each case dealt with a situation where a party was affirmatively suing to rescind a contract—a situation not present here.

Moreover, none of the case Aurionpro cites actually stands for the proposition that a party cannot sue simultaneously both to rescind a contract and for damages under that contract. In fact, California law expressly allows a party to pursue such a strategy. *See* CAL. CIV. CODE § 1692 ("***A claim for damages is not inconsistent***

---

[4] For some reason, Aurionpro has not made this same argument in the state court action.

*with a claim for relief based upon rescission*." (emphasis added)). Somehow Aurionpro did not cite to this statute in its moving papers. What a party cannot do is *recover* under both theories where to do so would "include duplicate or inconsistent items of recovery." *Id.*

Aurionpro's cited cases do not contradict or carve anything out from this statute. Nor do they stand for the propositions for which Aurionpro cites them. *See Akin v. Certain Underwriters At Lloyd's London*, 140 Cal. App. 4th 291, 296, 44 Cal. Rptr. 3d 284 (2006) (despite suing for "rescission" plaintiff only sought contract damages, which meant plaintiff was really suing for breach of contract and was timed-out by the applicable statute of limitations); *Sharabianlou v. Karp*, 181 Cal. App. 4th 1133, 1145, 105 Cal. Rptr. 3d 300 (2010) (trial court improperly awarded contract-type damages on a claim for rescission); *VenVest Ballard, Inc. v. Clockwork, Inc.*, No. EDCV1400195MWFEX, 2014 WL 12589647, at *7 (C.D. Cal. Oct. 6, 2014) (plaintiff could not sue for rescission because it had already disposed of some of the assets sold under the contract it sought to rescind); *NRG Energy, Inc. v. Fuchs*, No. 10-CV-0989-H WVG, 2011 WL 1625169, at *4 (S.D. Cal. Apr. 28, 2011) (The court dismissed the counterclaimant's claim for fraud for not meeting Rule 9 pleadings standards as to the element of damages. The court held that the possibility of getting rescission, instead of damages, on plaintiff's fraud claim did not allow the claim to survive the failure to plead damages with Rule 9 specificity.); *Broad. Music, Inc. v. Davis*, No. CV1010089RGKFFMX, 2012 WL 13008124, at *6 (C.D. Cal. Mar. 30, 2012) (deciding, without any opposition having been filed by the non-moving party, that counterclaimants could not seek recovery for rescission as they sought to retain the benefits of the bargain in that same suit); *Denevi v. LGCC*, 121 Cal. App. 4th 1211, 1221, 18 Cal. Rptr. 3d 276 (2004) (allowing rescission claim to survive because, while a party cannot *successfully* sue for damages, then sue for rescission, it "cannot be compelled to make [its election of

1  remedies] prior to judgment."); *Montgomery v. McLaury*, 143 Cal. 83, 87, 76 P. 964
2  (1904) (completely disregarding a party's contention that "one defrauded in a
3  bargain is restricted to one of two remedies, between which he must make an
4  election before he can institute an action.")[5]; *Wong v. Stoler*, 237 Cal. App. 4th
5  1375, 1385, 188 Cal. Rptr. 3d 674 (2015) (trial court abused its discretion in
6  denying rescission); *Kraif v. Guez*, No. CV1206206SJOSHX, 2013 WL 12133882,
7  at *4 (C.D. Cal. Aug. 30, 2013) (plaintiff *successfully* sued to enforce a contract,
8  and was barred from later asserting that a release in the contract was voidable based
9  on fraud in the inducement). None of these cases actually supports Aurionpro's
10 position. Aurionpro appears to have hoped that no one would actually read the
11 cases beyond the isolated quotes it provides, particularly given that the motion was
12 filed so that the opposition would be prepared while counsel was out for the
13 holidays. But Saicon has read the cases, and none of them help Aurionpro.

15 Aurionpro has in no way established: (i) that Saicon's assertion of a claim for
16 breach of the APA in state court is inconsistent with its fraud-in-the-inducement
17 defense in this Court; (ii) that such alleged inconsistency should estop Saicon from
18 asserting its affirmative defense; or (iii) that Saicon is in some other way "barred"
19 from asserting its affirmative defense. Saicon respectfully submits that the motion
20 for judgment on the pleadings should be denied on this basis alone.

---

[5] Aurionpro cites to this case for the proposition that "Saicon cannot both sue on the APA and at the same time refuse to comply with its own obligations under the APA and the Note." (Mot. at 10:7-13.) For this, Aurionpro cites *Montgomery* with a favorable looking quote in its parenthetical, thereby implying that this was the ruling of the court. It was not. The words Aurionpro quoted were ***not the words of the court but of a party***. The immediately preceding sentence makes this abundantly clear. *Montgomery*, 143 Cal. at 87 ("Such, appellants contend, is the case here. The doctrine is well settled, they say, that one defrauded in a bargain is restricted to one of two remedies . . . ."). Moreover, the court completely disregarded this argument in making its ruling. This case does not in any way stand for the passage to which Aurionpro quotes. This is tantamount to a misrepresentation of the law to this Court.

## 2. Saicon Has Not Been Successful in Persuading a Court to Accept its Earlier Position

Even if Saicon were asserting two "clearly inconsistent" positions—which, as set forth above, Saicon contends it is not—it would still not be estopped or "barred" from asserting either or both until prevailing on one of the assertedly inconsistent positions. In the Ninth Circuit, for a party to be judicially estopped from making an argument or asserting a position it must have been "successful in persuading a court to accept its earlier position." *Williams*, 517 F.3d at 1134. "Absent success in a prior proceeding, a party's later inconsistent position introduces no 'risk of inconsistent court determinations,' . . . ." *New Hampshire*, 532 U.S. at 750-51.

Here, the pleadings do not disclose, nor does Aurionpro allege, that Saicon has succeeded in the state court action on its claim for breach of the APA. That is, Saicon has not yet convinced the court (or jury) that Aurionpro has breached the APA. Trial in that matter is set for July 23, 2018. If Saicon prevails at trial, then Aurionpro might be able to satisfy this prong. Until then, it cannot. For this independently sufficient reason, Aurionpro's motion for judgment on the pleadings should be denied.

## 3. Saicon Will Not Derive an Unfair Advantage or Impose on Unfair Detriment on Aurionpro if Not Estopped

The final consideration is whether a party would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. However, the Court need not reach this prong as the first two prongs are really prerequisites to the application of the third. *Cf. Williams*, 517 F.3d at 1135 ("Because the district court found that Boeing's current position was not clearly inconsistent with the position

3:17-CV-01951 EMC
OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS

Boeing had allegedly taken in the Consent Decree, the district court did not address other factors relevant to judicial estoppel . . . ."). As Saicon has not taken "clearly inconsistent" positions, nor succeeded in convincing the state court to "accept" its breach of contract claim, there is no risk of unfair advantage for Saicon or unfair detriment to Aurionpro. To the extent the Court considers this prong, it should not augur in favor of granting the motion. The motion should be denied.

For all the reasons set forth above, Saicon is not estopped or "barred" from asserting its fraud-in the-inducement defense. Saicon has not asserted "clearly inconsistent" positions nor succeeding in convincing the state court to adopt one of them. Saicon respectfully submits that Aurionpro's motion for judgment on the pleadings must be denied.

### B. Aurionpro Ignores Saicon's Other Affirmative Defenses

It is Aurionpro's burden to prove that it is entitled to judgment on the pleadings, i.e. that no issues of material fact exist, and it is entitled to judgment as a matter of law. *See, e.g.*, *Santos*, 2012 WL 4891597 at *4. Aurionpro asserts that "there is no dispute that full payment of the Note is due to Aurionpro now." (Mot. at 11:12-13.) This is not true. While Saicon admits that it did not make payments on the promissory note on April 1, 2017, and May 1, 2017 (*see* Dkt. No. 9 ¶¶ 12, 13, 20), that does not automatically equate to an admission that "full payment of the Note is due to Aurionpro now." The Court is to construe Saicon's allegations of fact as true and in the light most favorable to Saicon. *See McGlinchy,* 845 F.2d at 810. Moreover, "if the defendant raises an affirmative defense in his answer it will usually bar judgment on the pleadings." *Gen. Conference Corp. of Seventh-Day Adventists*, 887 F.2d at 230. Saicon's admission to not making payments on the indicated dates does not equate to an admission that the promissory note is

accelerated and due because Saicon asserts affirmative defenses that contest Aurionpro's right to accelerate and be paid under the promissory note.

Here, along with its fraud-in-the-inducement affirmative defenses, Saicon has alleged a prior material breach of contract by Aurionpro (*see* Dkt. No. 9, Affirmative Defense Nos. 2 & 8); failure of condition precedent (*id.* Affirmative Defense No. 4); and failure of consideration (*id.* Affirmative Defense No. 5). These affirmative defenses relate to Aurionpro's fraud on Saicon and its own breaches of the APA arising prior to Saicon's alleged breach (*see* Dkt. No. 34-1, Ex. A at ¶¶ 16-25), which excuse Saicon's obligation to make payments under the promissory note.

Aurionpro argues that "[a]t best, these defenses would (if proven) entitle Saicon to a set-off." (Mot. at 11:24-25.)[6] Aurionpro is simply wrong on the law. Should Saicon prevail on an affirmative defense it would ***excuse*** it from having to perform under the promissory note. *See, e.g.*, *Brown v. Grimes*, 192 Cal. App. 4th 265, 277, 120 Cal. Rptr. 3d 893, 902 (2011) ("When a party's failure to perform a contractual obligation constitutes a material breach of the contract, the other party may be discharged from its duty to perform under the contract."); *Acoustics, Inc. v. Trepte Constr. Co.*, 14 Cal. App. 3d 887, 913, 92 Cal. Rptr. 723, 741 (1971) (To prevail on a breach of contract claim the plaintiff must plead and prove that it "performed all things on its part to be performed under the terms of the contract . . . ."); *Fifty-Six Hope Rd. v. Jammin Java Corp.*, No. 216CV05810SVWMRW, 2017 WL 2457487, at *8 (C.D. Cal. Jan. 25, 2017) ("A plaintiff can only succeed on a breach of contract cause of action if it can demonstrate its own performance or

---

[6] Again, Aurionpro does not challenge the adequacy of the pleading of these defenses. Should the Court conclude they are not adequately pleaded, Saicon requests leave to file an amended answer setting forth further factual allegations in support of these defenses.

excuse for non-performance.").

Saicon respectfully submits that its assertion of these additional affirmative defenses and Aurionpro's failure to address them also prevent the granting of Aurionpro's motion. The motion should be denied.

## IV. CONCLUSION

Aurionpro contends that Saicon is "barred" from asserting its fraud-in-the-inducement affirmative defense. As set forth above, this is not the case. There are multiple independently-sufficient reasons Aurionpro's motion fails. It does not cite to any California law barring Saicon from asserting its affirmative defenses. It does not set forth the legal theory upon which it is based. It does not show that Saicon has adopted "clearly inconsistent" positions. It does not plead, prove, or argue that Saicon previously prevailed on its assertedly inconsistent position. Saicon respectfully submits that, for these reasons, Aurionpro's motion for judgment on the pleadings must be denied.

DATED: January 4, 2018          PAYNE & FEARS LLP


                                By:       /s/ David A. Grant
                                        BENJAMIN A. NIX
                                        DAVID A. GRANT

                                Attorneys for Defendant, SAICON
                                CONSULTANTS, INC.

4819-5506-4921 v.1.docx

-12-                           3:17-CV-01951 EMC
OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS