Jonathan R. Doolittle (SBN 290638)
Email: jdoolittle@reedsmith.com
Timothy L. Moore (SBN 305168)
Email: tmoore@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Plaintiff, AURIONPRO
SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AURIONPRO SOLUTIONS, INC., | Case No.: 3:17-CV-01951 EMC |
| Plaintiff, | **PLAINTIFF AURIONPRO SOLUTIONS, INC.'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS** |
| vs. | |
| SAICON CONSULTANTS, INC., | Date:      January 25, 2018 |
| Defendants. | Time:      1:30 p.m. |
| | Location:   Courtroom 5, 17th Floor |
| | Compl. Filed:   April 7, 2017 |
| | Honorable Edward M. Chen |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## I. INTRODUCTION

Saicon Consultants, Inc. ("Saicon") opens its Opposition by asking, "Why now?" Opp., at p. 1. The answer is simple: Aurionpro Solutions, Inc. ("Aurionpro") moves for judgment on the pleadings now because the pleadings have closed, no further discovery is necessary—evidenced by the absence of any argument that Aurionpro's Motion should be denied because Saicon needs additional discovery—and the Court is in the correct position to render judgment on the Promissory Note ("Note") at issue. The legal doctrine is clear: Saicon cannot purport to rescind the Note here under an unsupported fraud theory while it affirms and seeks to enforce its companion contract, the Asset Purchase Agreement ("APA"), in the parallel action in California state court, *Saicon Consultants, Inc. v. Aurionpro Solutions, Inc.*, Case No. MSC17-005511 in the Superior Court of Contra Costa County (the "State Court Action"). In other words, it cannot cry that it was hit by the red car here in federal court while claiming it was really the blue car in state court. And yet, that is precisely what Saicon's pleadings and belligerent Opposition asks this Court to do.

Moreover, Saicon presented the law incorrectly, as though election of remedies and estoppel were two mutually distinct concepts. In fact, the opposite is true. Election of remedies *is* a principle of estoppel. *Roam v. Koop*, 41 Cal. App. 3d 1035, 1039 (Ct. App. 1974). Aurionpro's point, supported in its Motion and emphasized here, is that Saicon *already elected* its remedy: It chose to affirm the APA (and the Note incorporated therein) by suing Aurionpro for its breach in the State Court Action. *See generally* Exh. A (Saicon's Complaint in the State Court Action). Rather than address Aurionpro's arguments about estoppel through election of remedies, Saicon exhausted its Opposition with an analysis of *judicial* estoppel. Judicial estoppel is a completely different principle of estoppel, one that Aurionpro did not pursue in its Motion, and which is irrelevant here.

Saicon had the option to present a claim for rescission in state court, pleaded in the alternative or otherwise, but elected not to do so. It is therefore a logical impossibility for Saicon to prevail on both theories in both courts: If this Court allows Saicon's fraud defense to prevail here (which it should not),[1] then the Note (signed pursuant to the APA) is rescinded and the parties return

---

[1] Aurionpro also notes that Saicon's six-line affirmative defense of fraud fails to meet the heightened pleading standards required under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 9(b); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d

to the *status quo ante*, meaning Saicon returns the valuable Staffing Business Assets to Aurionpro. However, a favorable ruling for Saicon in the State Court Action would result in Saicon keeping the Staffing Business Assets and recovering instead compensatory and consequential damages for Aurionpro's alleged breach under the APA. Both scenarios cannot happen. Saicon precluded the first scenario by electing not to pursue the option of rescission in the State Court Action and instead choosing to reaffirm the APA—which obliged Saicon to pay the Note. *See* [Dkt. 1], ¶ 9; [Dkt. 9], ¶ 9. Saicon cannot avoid paying the remaining consideration due under the APA ($1.5 million on the Note) while retaining the benefit of that contract (the Staffing Business Assets), nor can it at once return the Staffing Business Assets to Aurionpro and also keep them for itself. Saicon concedes the Note became due on April 1, 2017 and that it never made payments on the Note. *See* [Dkt. 9] at ¶¶ 8-13. As such, this Court should grant Aurionpro's Motion for Judgment on the Pleadings and order Saicon to pay Aurionpro what it is owed under the Note.

## II.   ARGUMENT

A motion on the pleadings should be granted where, as here, the moving party establishes on the face of the pleadings that no issues of material fact remain to be resolved and that it is entitled to judgment as a matter of law. *Advanced Micro Devices, Inc. v. Altera Corp.*, 1996 WL 119482, *2 (N.D. Cal. Mar. 11, 1996). No issues of material fact remain to be resolved between Aurionpro and Saicon, evidenced by the fact that Saicon attached no affidavit regarding a need for any fact discovery in its Opposition. Moreover, Saicon admits all necessary material facts supporting judgment in Aurionpro's favor, and all of Saicon's affirmative defenses are either barred by the Note's "no offset" provision, estopped under the doctrine of election of remedies, or were inadequately pleaded. Thus, this Court should grant Aurionpro's Motion and issue judgment as a matter of law in favor of Aurionpro.

### A.   Saicon's Citation To Cal. Civ. Code § 1692 Misconstrues The Law Because Saicon May Not Simultaneously Affirm And Rescind The Note Here.

Saicon's first contention as to why judgment as a matter of law is inappropriate is that "none

1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged.") (internal quotation omitted).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  of the case [*sic*] Aurionpro cites actually stands for the proposition that a party cannot sue both to

2  rescind a contract and for damages under that contract," citing to Cal. Civ. Code § 1692.  The entire

3  argument is snake oil.  Saicon, in fact, ***did not*** sue both to rescind the contract and for damages

4  thereunder.  *See generally*, Exh. A.  Therefore, its purported right to elect a remedy pursuant to

5  section 1692 is immaterial.  It sued only for damages arising from alleged breaches of the contract,

6  electing to pursue enforcement of the contract and ***not*** rescission because it does not wish to unwind

7  the APA.   Aurionpro did not mention the aforementioned statute because that statute is titled "Relief

8  ***based on rescission***."  Cal. Civ. Code § 1692 (emph. added).  The parties have reiterated *ad*

9  *nauseam* that Saicon does not seek rescission here or in the State Court Action, making the statute

10  inapplicable.  Moreover, the full text of the statute reveals that the snippet quoted by Saicon, *i.e.*, "A

11  claim for damages is not inconsistent with a claim for relief based upon rescission," refers to the

12  restitution of benefits and consequential damages associated with returning the parties to the *status*

13  *quo ante*, which Saicon did not seek here:

14  **When a contract has been rescinded in whole or in part**, any party to the
    contract may seek relief based upon such rescission by (a) bringing an action to
15  recover any money or thing owing to him by any other party to the contract as a
    consequence of such rescission or for any other relief to which he may be entitled
16  under the circumstances or (b) asserting such rescission by way of defense or
    cross-complaint.

17

18  If in an action or proceeding a party seeks relief based upon rescission and the
    court determines that the contract has not been rescinded, the court may grant any
19  party to the action any other relief to which he may be entitled under the
    circumstances.

20  **A claim for damages is not inconsistent with a claim for relief based upon
    rescission. The aggrieved party shall be awarded complete relief, including**
21  **restitution of benefits, if any, conferred by him as a result of the transaction
    and any consequential damages to which he is entitled; but such relief shall**
22  **not include duplicate or inconsistent items of recovery.**

23  If in an action or proceeding a party seeks relief based upon rescission, the court
    may require the party to whom such relief is granted to make any compensation to
24  the other which justice may require and may otherwise in its judgment adjust the
    equities between the parties.

25

26  Cal. Civ. Code § 1692 (emph. added).  Saicon's cherry-picked quote from the statute is an attempt to

27  mislead the Court into believing "a claim for damages" in this context is akin to "affirming the

28  contract and suing for breach thereof."  Not so.  By its plain terms, section 1692 does not apply here

Case No.: 3:17-CV-01951 EMC                  – 3 –

because Saicon did not seek to rescind the APA in the State Court Action. Courts in California recognize that a plaintiff cannot seek both rescission and enforcement of the contract at issue. "A cause of action having its origin in a rescission of the contract *is inconsistent* with a cause of action for enforcement of the contract based upon its affirmance." *City Bank of San Diego v. Ramage*, 266 Cal. App. 2d 570, 587 (Ct. App. 1968) (emph. added). Saicon's reliance on Cal. Civ. Code § 1692 is misguided and should not cloud the Court's decision. The Court should grant Aurionpro's Motion and render judgment in its favor.

**B.** **Saicon Already Elected Its Remedy To Affirm The Contracts In State Court and Is Estopped From Rescission Here Because Election of Remedies Is A Kind of Estoppel.**

Saicon's Opposition wholly ignores the substance of Aurionpro's Motion. Rather than address any of Aurionpro's arguments, Saicon instead delves into an irrelevant analysis of judicial estoppel, a doctrine not at issue here. Aurionpro does not argue that Saicon has "prevail[ed] in one phase of a case on an argument and then rel[ied] on a contradictory argument to prevail in another phase," in which judicial estoppel would apply. Opp., p. 5, quoting *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quotation omitted). Instead, as Aurionpro's Motion sets forth, Aurionpro's argument for judgment on the pleadings comes from the election of remedies doctrine.

The California Court of Appeal in *Roam v. Koop*, discussing the election of remedies doctrine in a similar context of a multiple-count suit sounding in both fraudulent tort and contract, is instructive:

> Broadly speaking, election of remedies is the act of choosing between two or more concurrent but inconsistent remedies based upon the same state of facts. Ordinarily a plaintiff need not elect, and cannot be compelled to elect, between inconsistent remedies during the course of trial prior to judgment.
>
> However, if a plaintiff has unequivocally and knowledgeably elected to proceed on one of the remedies he is pursuing, he may be barred recourse to the other. It is to such a situation that the doctrine of election of remedies pertains.
>
> The doctrine of election of remedies acts as a bar precluding a plaintiff from seeking an inconsistent remedy as the result of his previous conduct or election. In California the doctrine is theorized on the principle of estoppel.
>
> Whenever a party entitled to enforce two remedies either institutes an action upon one of such remedies or performs any act in the pursuit of such remedy, whereby

Case No.: 3:17-CV-01951 EMC – 4 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1         he has gained any advantage over the other party, or he has occasioned the other
        party any damage, he will be held to have made an election of such remedy, and
2         will not be entitled to pursue any other remedy for the enforcement of his right.

3 *Roam*, 41 Cal. App. 3d at 1039-40 (line breaks added) (discussing election of remedies doctrine at

4 length but finding that defendant had failed to raise the issue to the trial court, raising it for the first

5 time on appeal).

6         Applying this doctrine, at the outset of Saicon's suit against Aurionpro for breach of contract

7 regarding the APA and the Note in the State Court Action, Saicon had three options as to remedies:

8 (1) affirm the contracts, seeking to enforce the agreements and recover the benefit of the bargain; (2)

9 rescind the contracts, seeking to restore itself to the *status quo ante* as though the bargain never took

10 place; or (3) pursue both affirmance and rescission concurrently, pleaded in the alternative, and elect

11 its final remedy at the time of judgment. *Denevi v. LGCC*, 121 Cal. App. 4th 1211, 1220 (Ct. App.

12 2004). As Saicon did not pursue or even mention rescission[2] in its State Court Action Complaint, it

13 "unequivocally and knowledgably" chose Option (1). Its choice, therefore, estops Saicon's

14 affirmative defenses here, particularly as to its claim of fraud, and makes judgement on the pleadings

15 in Aurionpro's favor appropriate.

16         Further, Saicon's continued retention of the benefit of its deal with Aurionpro is sufficient

17 basis upon which to reject its fraudulent inducement theory. For example, in *VenVest Ballard, Inc.*

18 *v. Clockwork, Inc.*, the United States District Court for the Central District of California was faced

19 with a claim for rescission that it ultimately rejected. *See* 2014 WL 12589647, *7 (C.D. Cal. Oct. 6,

20 2014). There, the parties had entered into certain franchise agreements, and, in the process of

21 resolving a dispute, the counter-claim plaintiffs agreed to release the counter-claim defendants from

22 liability under those agreements through a letter of intent ("LOI") containing binding terms. *Id.* at

23 *2. After litigation began, the counter-claim plaintiffs pursued claims for both damages and

24 rescission of the LOI. *Id.* Citing California Civil Code section 1691(b), the Court rejected the

25 rescission theory, noting the counter-claim plaintiffs had affirmed the LOI by selling various

26 franchises from which the counter-claim defendants had been released, making it impossible to

27 return the parties to the status quo ante—the fundamental requirement and goal of rescission. *Id.* at

28 ───────────────
[2] Understandably so, as it continues to enjoy the financial benefits of retaining the Staffing Business Assets.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    *7. The Court further stated that, "[i]n light of the benefits retained by Defendants in the form of

2    new franchise agreements where Plaintiffs' [sic] previously held them, and the due diligence

3    conducted, Defendants may neither seek rescission, nor is it possible." *Id.* Here, as in *VenVest*

4    *Ballard*, Saicon has unquestionably retained the benefits of the APA and the Note by retaining the

5    assets purchased from Aurionpro. The Court may be confident in this fact because Saicon has failed

6    to allege tender of those assets, and the profits derived therefrom, in any pleading in this or the State

7    Court Action.

8            Contrary to Saicon's mischaracterizations, this is not a case of Saicon actively pursuing two

9    alternative theories of recovery and waiting until judgment to make its final election of remedies.

10   Had Saicon pleaded in the alternative a theory of recovery for rescission for fraud in the State Court

11   Action, that would be a different story. But Saicon already shunned one theory in favor of the other,

12   and the doctrine of election of remedies precludes Saicon from backpedaling on its choices now.

13   Because all necessary material facts supporting judgment in Aurionpro's favor are admitted and

14   undisputed, this Court should grant Aurionpro's Motion and issue judgment in its favor. Doing so is

15   entirely appropriate on the pleadings. *See, e.g., NRG Energy, Inc. v. Fuchs*, 2011 WL 1625169, \*4

16   (S.D. Cal. April 28, 2011) (granting motion to dismiss and noting that "the remedy of recission [sic]

17   is inconsistent with the remedy of actual and compensatory damages that [defendant] sought in his

18   counterclaims") (citing *Denevi v. LGCC*, 121 Cal. App. 4th 1211, 1220 (Ct. App. 2004)); *Broadcast*

19   *Music, Inc. v. Davis*, 2012 WL 13008124, \*6 (C.D. Cal. Mar. 3, 2012) (granting motion to dismiss

20   and noting that "[c]ounterclaimants seek to retain the benefits of the Affiliation Agreements…which

21   the Court construes as an affirmation of those contracts") (citations omitted).

22       **C.**       **Even If Saicon Could Prove Its Affirmative Defenses, That Would Not Bar**

23              **Enforcement Of The Note, And Aurionpro Is Entitled To Judgement On The**

24              **Note.**

25       Saicon admits the Note became due on April 1, 2017; Saicon also admits it never made

26   payments on the Note. *See* [Dkt. 9] at ¶¶ 8-13. Saicon does not dispute the Note's authenticity or its

27   other material provisions. *See id.* Accordingly, there is no dispute that full payment of the Note is

28   due to Aurionpro now. Even if Saicon could prove its affirmative defenses, the APA and Note's "no

PLAINTIFF AURIONPRO SOLUTIONS, INC.'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE
PLEADINGS

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  offset" provision and the Answer's inadequate pleadings render those defenses inapposite. Thus, a

2  judgment on the pleadings in Aurionpro's favor is proper here.

### 1. The Contracts' "No Offset" Provisions Means Aurionpro Is Entitled To Judgment Regardless of Saicon's Affirmative Defenses.

5  The Note disclaims any right of set-off by Saicon. [Dkt. 1-2] at p. 2. The APA states that

6  Saicon "shall have no right to set off any amounts due and payable to [Aurionpro] nor shall [Saicon]

7  have any right to withhold payment pursuant to this Agreement or under any other agreement, unless

8  and until the arbitrator has issued a final non-appealable binding award in favor of" Saicon. [Dkt. 1-

9  1], § 6.8. Such set-off waivers are valid and enforceable in California. 16 Cal. Jur. 3d Counterclaim

10  and Setoff § 28; *see also Jess v. Herrmann*, 26 Cal. 3d 131, 143 (1979) ("Moreover, past California

11  decisions have additionally made it clear that under appropriate circumstances a party may waive the

12  statutory right of setoff"). The best Saicon's affirmative defenses could warrant Saicon is a set-off

13  to the $1.5 million it owes Aurionpro under the Note. However, because Saicon waived its right to a

14  set-off, its defenses are impotent here, and its remedy is to prevail on its claim for damages in the

15  State Court Action.

### 2. In Any Event, The Affirmative Defenses Asserted In This Case Cannot Be Decided Here Because Any Claims Arising Under The APA In Favor Of Saicon Must Be Decided In The State Court Action.

19  As noted above, Aurionpro is entitled to judgement in its favor on the Note without offset of

20  any kind. The APA and the Note are clear in this regard. *See* [Dkt. 1-1], § 6.8; [Dkt. 1-2], p. 2. As

21  also noted above, Saicon asserted claims for damages under the APA in the State Court Action.

22  Saicon's remedy, if it seeks to offset its liability under the Note, is to assert its claims under the APA

23  in the State Court Action, not to assert those claims as affirmative defense in this case. Saicon thus

24  cannot ask this Court to decide alleged claims under the APA that will be determined in the State

25  Court Action under the guise of asserting affirmative defenses to judgement on the Note that Saicon

26  expressly waived. The parties agreed that the Note would be due without offset and that Saicon

27  would be required to prove its claims against Aurionpro under the APA before it can offset against

28  its Note obligation for any reason. *See* [Dkt. 1-1], § 6.8. Saicon's sole mechanism for offsetting

Case No.: 3:17-CV-01951 EMC                    – 7 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  liability on the Note is to prevail on its claims under the APA—exactly what Saicon seeks to do In

2  the State Court Action. *See id.* For these reasons, Saicon's alleged affirmative defenses are not a

3  bar to entry of judgement on the Note in favor of Aurionpro.

### 3. Saicon Has Not Pled Facts Supporting Its Equitable Affirmative Defenses, Nor Did It Attach Affidavits Or Other Evidence Indicating Discovery Is Necessary.

7  Affirmative defenses that are "mere statements of legal conclusions with no supporting facts"

8  are insufficiently pleaded. *See CTF Dev., Inc. v. Penta Hosp., LLC*, Case No. C 09-02429 WHA,

9  2009 WL 3517617, at \*8 (N.D. Cal. Oct. 26, 2009) (applying the pleading standard of *Ashcroft v.*

10  *Iqbal*, 556 U.S. 662 (2009) to affirmative defenses). Moreover, the defense of fraud must be pleaded

11  with even more specificity, detailing the "who, what, when, where, and how of the misconduct

12  charged." *Vess*, 317 F.3d at 1106; Fed. R. Civ. P. 9(b). While Saicon's fraud in the inducement

13  defense clearly fails this test, its other affirmative defenses likewise contain scant legal conclusions

14  with zero factual support. [Dkt. 9] at pp. 6-8. To the extent these claims find any support in

15  Saicon's allegations in the State Court Action—*e.g.*, Saicon's breach of contract claims—those

16  theories cannot offset Saicon's liability on the Note because the Note and the APA expressly state as

17  much. Even the one defense that might arguably bar enforcement of the Note, estoppel, is

18  unsupported by any allegations whatsoever, here or in the State Court Action. In addition, Saicon

19  did not request any fact discovery in connection to its defenses in its Opposition, nor did it attach

20  any affidavits or other evidence indicating additional discovery would be needed or that disputes of

21  material fact compel denying Aurionpro's Motion. Saicon's defenses are simply inadequate as a

22  matter of law, and, as such, they cannot bar judgment on the pleadings. Therefore, a judgment on

23  the pleadings should issue in Aurionpro's favor.

### 4. At The Very Least, This Court Should Grant Aurionpro's Motion As To Saicon's Fraud Defense If It Is Inclined To Leave The Affirmative Defenses Intact.

27  Even if this Court allows Saicon's other affirmative defenses to stand, it should grant

28  Aurionpro's Motion as to Saicon's affirmative defense of fraud. "It is well established that a

Case No.: 3:17-CV-01951 EMC                    – 8 –

defrauded defendant may set up the fraud as a defense and, in fact, may even recoup his damages by counterclaim in an action brought by the guilty party to the contract. The right to avoid for fraud, however, is lost if the injured party, after acquiring knowledge of the fraud, manifests an intention to affirm the contract." *Bowmer v. H. C. Louis, Inc*., 243 Cal. App. 2d 501, 503 (Ct. App. 1966) (recognizing principles of fraudulent inducement before affirming trial court ruling that excused contractual performance on the basis of fraudulent misrepresentations) (internal citations omitted); *see also Stewart v. Ragland*, 934 F.2d 1033, 1044, n. 15 (9th Cir. 1991) (noting that "plaintiffs ratified any problems in the initial calculation of purchase price" by accepting refunds from defendants). Saicon elected to affirm the APA and Note by suing to enforce the APA in the State Court Action without seeking rescission. *See generally*, Exh. A. As such, its affirmative defense of fraud cannot stand here. Moreover, Saicon's fraud defense is pleaded inadequately under both *Iqbal* and Fed. R. Civ. P. 9(b). The Court should grant Aurionpro's Motion in its entirety for all the reasons set forth above, but, in the alternative, it should enter judgment in favor of Aurionpro as to Saicon's sixth affirmative defense of fraud.

## III.    CONCLUSION

For the foregoing reasons, this Court should GRANT Aurionpro's Motion for Judgment on the Pleadings in its entirety and enter judgment in favor of Aurionpro.


DATED:  January 11, 2017          REED SMITH LLP


By: /s/ Timothy L. Moore _____
    Jonathan R. Doolittle
    Timothy L. Moore
    *Attorneys for Plaintiff,*
    *Aurionpro Solutions, Inc.*

PLAINTIFF AURIONPRO SOLUTIONS, INC.'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

REED SMITH LLP
A limited liability partnership formed in the State of Delaware