Benjamin A. Nix, Bar No. 138258
ban@paynefears.com
David A. Grant, Bar No. 288760
dag@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Defendant, SAICON CONSULTANTS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AURIONPRO SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAICON CONSULTANTS, INC., <br><br> Defendants. | Case No. 3:17-CV-01951 EMC <br><br> **The Hon. Edward M. Chen** <br><br> **SAICON CONSULTANTS, INC.'S SUPPLEMENTAL MEMORANDUM REGARDING THE COURT'S AUTHORITY TO STAY THIS PROCEEDING PENDING RESOLUTION OF THE PARALLEL STATE CASE** <br><br> Judge: Hon. Edward M. Chen <br> Date: [Under Submission] |

## I. INTRODUCTION

At the January 25, 2018, hearing on Aurionpro's motion for judgment on the pleadings, the Court *sua sponte* raised the issue of staying this case pending resolution of the parallel, first-filed state court action. The Court rightly raised concerns regarding the overlap between this case and the state case and the potential for this Court's rulings to contravene what the Superior Court might otherwise do with respect to the issues before it. The Court thus asked for short briefs as to why it should not stay this case. In inviting briefs from both sides, presumably the Court was also receptive to briefing as to why the Court should stay. It should.

The Court should stay this case for multiple reasons: (i) the state court case was filed first; (ii) the state court case fully encompasses the claim and defenses at issue in this case as Aurionpro has sued to enforce the APA and Promissory Note in the state action; (iii) there is not a federal question in this case and the state court proceeding can adequately address Aurionpro's rights; (iv) all of the legal and factual issues before this Court are also before the state court; (v) the state court action will be the first to go to trial, with a trial date of July 23, 2018; (vi) not staying the case would encourage Aurionpro's forum shopping; and (vii) briefly staying this case will promote judicial economy and eliminate the risk of conflicting rulings.

Under the *Colorado River* doctrine and this Court's inherent authority, a stay of these proceedings would be completely justified and not an abuse of discretion. Saicon respectfully submits that a brief stay of this case pending the resolution of the state court action should issue.

## II. THE COURT MAY STAY THIS CASE UNDER THE *COLORADO RIVER* DOCTRINE

### A. The Factors to Be Considered Under the *Colorado River* Doctrine

In *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S. Ct. 1236 (1976), the Supreme Court discussed abstention based on "principles rest[ing] on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 817 (citation and quotation omitted). This doctrine is an "abstention-like doctrine founded primarily on the interest of judicial economy." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1154 (9th Cir. 2007) (Ferguson. J.,

concurring). The factors that courts may consider in determining whether to abstain are: (1) whether the state court was the first to assume jurisdiction over a property; (2) the relative inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the courts obtained jurisdiction; (5) whether federal law provides the rule of decision on the merits; (6) whether the state court proceeding can adequately address the rights of the federal plaintiff; and (7) whether the exercise of jurisdiction would encourage forum-shopping. *Id.* at 1155. This doctrine is flexible. *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1368 (9th Cir. 1990). The list of factors is not a checklist, but a balancing exercise. *Id.* Nor is the list exclusive; other factors may be considered. *Id.*

### B. Application of the *Colorado River* Factors Warrants a Stay Here

Here, consideration of the *Colorado River* factors warrants staying this case. This Court likely cannot "decline to exercise jurisdiction" and **dismiss** this case on account of the first-filed state court action. *AmerisourceBergen Corp.*, 495 F.3d at 1155 (9th Cir. 2007) ("Because the case before the panel presents an ordinary contract dispute, I do not believe that *Colorado River* permits the district court to decline to exercise jurisdiction."). But, here, where there is a nearly identical case already pending in state court with an earlier trial date, there is no federal question in this case, and the stay would be extremely brief in duration, this Court "should be permitted to stay its proceeding pending the outcome of the state suit." *Id.* at 156; *see also Deakins v. Monaghan*, 484 U.S. 193, 202-03, 108 S. Ct. 523 (1988) (a district court can satisfy its "virtually unflagging obligation" to exercise jurisdiction over a case and still impose stay).

The first two factors are neutral. There is no piece of property over which either court has assumed jurisdiction. Nor is this federal forum any more or less inconvenient than the state forum, which is less than an hour's drive from the federal court house. Relatively, neither forum is inconvenient.

The third factor weighs heavily in favor of issuing a stay. As this Court observed, due to the overlap between this case and the state case, the two courts will be ruling on many of the same issues. (*See* Dkt. No. 40, Tr. of 1/25/2018 Hr'g, at 14:18-20 ("So it's hard for me to know what I could rule on that doesn't run the risk of potentially contravening what the Superior Court might

otherwise do.").) That overlap is substantial. Saicon's claims in the state case for breach of contract and fraud are based on the same set of facts and legal issues as its affirmative defenses in this case. (*See* Dkt. No. 34-1.) Moreover, the Promissory Note (i) features prominently in Aurionpro's cross-complaint in the state court action, (ii) is even attached to the cross-complaint, (iii) is explicitly part of the basis for its breach of contract claim, and (iv) is the only basis for elements of damages Aurionpro requests that are not available under the APA (e.g. attorneys' fees and interest). (*See* Dkt. No. 34-2 ¶¶ 1, 21-30, 35-36, 42.) The anti-setoff provision in the Note is even explicitly invoked. (*Id.* ¶ 30.) There is virtually nothing this Court or the state court can rule on that would not impact the proceedings in the other court, creating a substantial risk of piecemeal litigation. Conversely, should this Court issue a stay in favor of the first-filed state court action, this case would essentially be fully resolved by the conclusion of the state case under principals of *res judicata*. There would be zero risk of piecemeal litigation.

Each of the fourth, fifth, sixth, and seventh factors also weighs in favor of a stay. The state court action was filed first on March 15, 2017. (*See* Dkt. No. 34-1.) Federal law does not provide the rule of decision on the merits; this is a state-law cause of action with this Court's jurisdiction based solely on diversity. (*See* Dkt. No. 1 ¶ 3-5.) The state court can adequately address Aurionpro's rights because, as set forth above, there is complete overlap as to (1) Aurionpro's claim for breach of the Promissory Note, (2) Saicon's defenses to that claim, and (3) Aurionpro's responses to those defenses. There is no substantive claim, defense, or argument that could be made and resolved in this case that could not (and would not) also be made and resolved in the state case. Moreover, to not stay this case would encourage forum-shopping. Saicon sued first in state court. Aurionpro could have filed a cross-claim for breach of the Promissory Note in that action and, in fact, eventually did.[1] Yet instead of proceeding in the state court action, Aurionpro chose to multiply the litigation by filing this case in federal court. Aurionpro must have considered simply cross-claiming in the state court action, but it did not do so. It must have made

---

[1] Aurionpro cannot be heard to argue that the venue provision in the Promissory Note prevented it from doing so, as it has now filed a claim alleging breach of the Note and seeking remedies only available under the Note (e.g. attorneys' fees) in the state court action.

-3- Case No. 3:17-CV-01951 EMC
SAICON CONSULTANTS, INC.'S SUPPLEMENTAL MEMORANDUM REGARDING THE COURT'S
AUTHORITY TO STAY THIS PROCEEDING PENDING RESOLUTION OF THE PARALLEL STATE CASE

1  the strategic determination that filing in federal court better advanced its interests.  This can be
2  nothing but forum shopping, not necessarily "improper" forum shopping, but forum shopping
3  nonetheless.  *Travelers Indem. Co.*, 914 F.2d at 1371 ("[T]his Circuit has held that forum
4  shopping weighs in favor of a stay when the party opposing the stay seeks . . . to gain a tactical
5  advantage from the application of federal court rules.").

6  Accordingly, each of the *Colorado River* factors, to the extent they weigh one way or the
7  other, weighs in favor of the Court briefly staying this case pending resolution of the first-filed
8  state court action.

### III. THE COURT MAY STAY THIS CASE PURSUANT TO ITS INHERENT AUTHORITY

#### A. The Court May Exercise Its Discretion in Issuing a Stay

The Court also has discretion to issue a stay under its inherent authority.  *See, e.g.*, *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").  That discretion is "unfettered" except that: (1) "if there is even a fair possibility that the stay will work damage to some one else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity[;]" and (2) a court may not enter a stay that "would result in undue delay."  *Dependable Highway Exp., Inc.*, 498 F.3d at 1066 (citation and quotation omitted).  Moreover, the Court should consider "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  Here, a stay is appropriate.

### B. It Would Not Be an Abuse of Discretion to Issue a Stay in this Case

The Court has unfettered discretion to stay this case constrained only by the two considerations described above. There is no question that briefly staying this case while the state court action is resolved will simplify issues, proof, and questions of law. Once the state court case is decided, applying *res judicata* principles, there should be nothing left to decide in this case.

Moreover, briefly staying this case will not "work damage to some one else." Saicon submits that this contemplates damage to a non-litigant, as, invariably, every litigant opposing a stay will claim that a stay will work damage to it by delaying the matter, and, if merely delaying the matter was to "work damage," they would be right. *Cf. Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (court considered damage worked to non-party electricity consumers). But even if "damage" to Aurionpro is considered, there is no damage to Aurionpro in staying this case. It has already waived its right to have the Note litigated in this forum by suing to enforce it in the state court action. Nor will staying this case pending resolution of the state court action, which is set to go to trial July 23, 2018, unduly delay resolution of this action. As the resolution of the state court action will essentially resolve this case based on *res judicata*, and this case is already set to proceed to trial after the state action, a stay will not result in any delay, let alone undue delay.

### IV. CONCLUSION

For the reasons stated above, the Court may and should exercise its discretion to stay this case.

DATED: February 1, 2018   PAYNE & FEARS LLP

By:    /s/ Benjamin A Nix.
       BENJAMIN A. NIX

Attorneys for SAICON CONSULTANTS, INC.