UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURIONPRO SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAICON CONSULTANTS, INC., <br><br> Defendant. | Case No. 17-cv-01951-EMC <br><br> **ORDER RE STAY** <br><br> Docket Nos. 42-43 |

Plaintiff Aurionpro Solutions, Inc. ("AP") has filed suit against Saicon Consultants, Inc. ("Saicon") for breach of contract. AP claims that Saicon failed to make payments owed to AP under a promissory note; that note was part of a larger transaction between the parties under which Saicon purchased certain assets from AP.[1] Currently pending before the Court is AP's motion for judgment on the pleadings. In its motion, AP argues that it is entitled to judgment now on the promissory note in spite of a pending state court proceeding in which the parties have a dispute over the broader asset purchase agreement. At the hearing on AP's motion, the Court asked the parties whether it should defer ruling on the motion – in effect, abstain or stay the case – because of the pending state court proceeding. The parties have now filed supplemental briefs. Having considered those briefs, the Court hereby orders that this case be **STAYED** pending a final judgment in the state court proceeding.

## I. DISCUSSION

Saicon argues that a stay is warranted under *Landis v. North American Co.*, 299 U.S. 248, 254 (1936), and/or *Colorado River Water Conservation District v. United States*, 424 U.S. 800

---

[1] Under the parties' asset purchase agreement, the consideration paid by Saicon to AP had three main components, one of which was a promissory note with a principal value of $1.5 million.

1   (1976). For purposes of the instant case, the Court need only address a *Landis* stay.[2]

2   In *Landis*, the Supreme Court noted that "the power to stay proceedings is incidental to the
3   power inherent in every court to control the disposition of the causes on its docket with economy
4   of time an effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. The Ninth
5   Circuit has "sustained, or authorized in principle, *Landis* stays on several occasions" and has set
6   out the following framework where there is a request for such a stay:

> [T]he competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Id.* at 1111.

The Court finds that the factors above weigh in favor of a stay. First, a stay of proceedings in this case pending a final judgment in the state court proceeding will promote judicial economy. The issues raised in the instant case will all be addressed in the state court proceeding – *e.g.*, whether Saicon was fraudulently induced to enter into the asset purchase agreement of which the promissory note was a part, *see* State Court Compl. ¶ 44 (Saicon alleging that AP's misconduct "includes at least intentionally and/or negligently misrepresenting to and/or concealing material facts from Saicon to induce Saicon to enter into the [asset purchase agreement] with [AP]"); and whether Saicon has failed to make payments required under the asset purchase agreement,

---

[2] Although the Court does not formally stay under *Colorado River*, a stay on that ground is arguably warranted as well. *See Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835, 842 (9th Cir. 2017) (noting that "[a] substantial factor in the *Colorado River* analysis is whether there are special concerns associated with resolving the issues in a piecemeal fashion via parallel proceedings[;] '[p]iecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results'"); *Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160, 1167 (9th Cir. 2017) (indicating that there is a special concern about piecemeal litigation where the federal action would adjudicate issues implicated in a more comprehensive state action); *R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 979 (9th Cir. 2011) (suggesting that there is a special concern about piecemeal litigation where the federal action and state action are "'highly interdependent'" such that there would be duplication of effort).

including the promissory note.  *See* State Court Cross-Compl. ¶ 29 (AP alleging that "Saicon has failed and refused to pay the full amount due and owing under the [asset purchase agreement] and Note").  Moreover, at the hearing, AP expressly stated that it intended to raise with the state court the issue of estoppel based on election of remedies (*i.e.*, the issue that is the basis of its motion for judgment on the pleadings filed with this Court).  *See* Docket No. 40 (Tr. at 16) ("[A]s far as I'm aware, the pleadings are not closed yet in Contra Costa County.  And when they are, I anticipate we will file a similar motion there, regarding the election of remedies.").

Second, a stay would not cause AP undue damage precisely because it may make all of its merits arguments to the state court.  *See also ASIS Internet Servs. v. Member Source Media, LLC*, No. C-08-1321 EMC, 2008 U.S. Dist. LEXIS 109241, at *6 (N.D. Cal. Sept. 8, 2008) (noting that the party moving for a stay must establish hardship or inequity "only if the party opposing the stay first demonstrates that there is a 'fair possibility' that a stay will cause it injury").  AP asserts that it would be harmed by a stay because the instant case concerns the promissory note only and the dispute over the promissory note is capable of being resolved now since Saicon agreed, as part of the promissory note, that it could not make any set-off defense if it failed to make a payment as required by the note.  The problem for AP is that Saicon did not agree to waive any challenge to the asset purchase agreement of which the promissory note was a part.  While AP has argued that Saicon has effectively waived any challenge because it has elected to affirm the asset purchase agreement in the state court proceeding, that is an argument that AP can make to the state court and that AP has specifically stated that it will bring to the state court.  Hence, AP has failed to demonstrate any prejudice were this Court to defer to the state court to decide the same issues pending before this Court.

The Court further notes the absence of prejudice to AP because the state court proceeding is on a much faster track than the instant case.  At the hearing, Saicon noted that a trial has been scheduled for the state court case in July 2018.  AP did not dispute such.  Therefore, the stay in the instant case should not be longer than six months.  To ensure that the stay will not be indefinite in nature, the Court sets a status conference for the instant case for August 9, 2018, at 10:30 a.m.  The parties shall file a joint status conference statement by August 2, 2018.

## II. **CONCLUSION**

For the foregoing reasons, the instant case is stayed pending further order of the Court. The Court defers ruling on AP's motion for judgment on the pleadings. *See* Docket No. 33 (motion).

**IT IS SO ORDERED**.

Dated: February 6, 2018

_____
EDWARD M. CHEN
United States District Judge